In this action for support initiated by the plaintiff mother in Massachusetts under the Uniform Reciprocal Enforcement of Support Act; General Statutes 46b-180 through 46b-211; the defendant was ordered to pay ten dollars per week for the support of each of his three minor children. The defendant has appealed claiming (1) that there was no evidence of any substantial change in circumstances since the rendition of a dissolution of marriage judgment two months earlier in which a support order of one dollar per year for each of the three children had been entered; and (2) that it was improper to enter such an order in the absence of proof that the defendant had an income from employment or other sources.
On November 9, 1979, the defendant obtained a dissolution of his marriage from the plaintiff, who was served but did not appear in the action. The decree ordered the defendant to pay one dollar per year for the support of each of his three minor children. The defendant was unemployed at the time of the dissolution, as he was at the time of *Page 602 
the hearing upon the plaintiff's support petition, January 14, 1980. He had been unemployed since June, 1979, when a strike had occurred. The record does not indicate the reason for his unemployment at the time of the dissolution hearing or what financial information was presented at that time. At the time of the hearing on the plaintiff's petition, however, the defendant testified that he had remarried and that he was not seeking employment because he and his present wife had arranged that he would stay home and do the housework while she continued her employment with the telephone company. He admitted that he was in good health and that before the adoption of his new role as a homemaker he had worked for a trucking company and as a captain of an oyster boat. There were no children of the second marriage.
"Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." Grinold v. Grinold,172 Conn. 192, 195, 374 A.2d 172 (1976). Even if we assume that this principle is applicable in this case involving a separate proceeding where the record does not indicate what evidence concerning the defendant's financial circumstances was furnished at the time of the uncontested dissolution hearing, there is, nevertheless, sufficient support for the conclusion of the trial court that the circumstances had changed sufficiently to justify the support order entered. The defendant had remarried after the dissolution and had then made the arrangement with his present wife which he claimed as justification for failing to seek employment. This new circumstance might reasonably be found to constitute a substantial change from the situation which existed at the time of the dissolution decree. *Page 603 
With respect to the claim that the support order was beyond the ability of the defendant to fulfill because of his unemployment, a party's earning capacity may be used in determining financial awards where the earnings of the party are voluntarily depleted. Miller v. Miller, 181 Conn. 610,612, 436 A.2d 279 (1980). The court was justified in concluding that his unemployment was voluntary and that his personal wishes to pursue his lifestyle as an unpaid homemaker could not justify his failure to furnish support for his children.
 There is no error.
SHEA, DALY and BIELUCH, Js., participated in this decision.