[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned matter was heard pursuant to the requirements as set forth under C.G. 46b-8.
Lawrence Caiati (hereinafter referred to as the "Defendant") seeks to have his current order for child support payments modified on the grounds that there has been a "substantial change in circumstances of both parties".
The marriage herein was dissolved on October 20, 1983 (Lavery, J.). The parties have one child Lawrence Caiati, Jr., D.O.B. September 28, 1979. Pursuant to the Judgment the defendant was ordered to pay the plaintiff as child support the sum of ($85.00) Eighty Five dollars per week.
On January 21, 1991 the parties stipulated and agreed amongst other things that arrearages had accumulated between 1/1/88 and 12/31/91 in the amount ($7,735.00) Seven Thousand Seven Hundred and Thirty Five dollars. Defendant agreed to pay ($15.00) Fifteen dollars per week toward said arrearage. In the interim period arrearage has grown and as of 3/4/92 it stood at CT Page 7683 ($10,265.00) Ten Thousand Two Hundred and Sixty Five dollars.
The defendant is 38 years of age, resides with his mother and claims that his average weekly income is $125.00. He alleges that he earned said income as a self employed automotive and boat detailer, and that his earnings for the past (3) months (1/1/92 — 3/31/92) amounted to $1,200 — The court notes that said $1,200 converts to $400 per month or $92.31 per week). The defendant further testified that he is a night student at the Porter and Chester Institute, where he studies drafting and related subjects. The tuition for said schooling is paid via governmental subsidies and he plans on graduating in July of 1992. He further alleges that he has been seeking employment by looking in the newspapers and contacting various shops.
His detailing business charges $10 per foot for a boat and between $100 — $125 per auto. The plaintiff herein is currently unemployed and is a Section 8 recipient which nets her ($100) per week.
To modify a support order, the court must determine that there has occurred a substantial change in the parties' circumstances since the time the order was entered. C.G. 46b-86(a). substantial change in circumstances demonstrates that a continue operation of the original order will be unfair and improper Wingerd v. Wingerd, 3 Conn. App. 261-262, 487 A.2d 212, cert. den.195 Conn. 804, 491 A.2d 1104 (1985).
The benchmarks for consideration in setting the initial support order are also relevant to its modification. The court must consider, among other things, the "health . . . occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the needs of the child. Hardisty v. Hardisty, 183 Conn. 253, 259 n. z.439 A.2d 307 (1981); Sanchione v. Sanchione, 173 Conn. 397,401-402, 378 A.2d 522 (1977).
It is also axiomatic, that the change of circumstances cannot be because of some action by the moving party which has created or added to said party's burden. Miller v. Miller, 181 Conn. 610,612, 436 A.2d 470 (1980); Schmidt v. Schmidt, 180 Conn. 184, 189,429 A.2d 470 (1980); McKay v. McKay, 174 Conn. 1-2, 381 A.2d 527
(1977); Byrd v. Byrd, 36 Conn. Sup. 601, 603, 421 A.2d 878 (1980); Andrews v. Andrews, 5 S.M.D. 216, 222 (1991).
All of these criteria have been taken into consideration in evaluating the defendant's position. As example, in September of 1990, the defendant's sworn financial affidavit shows a net weekly wage of $30.77 or converted, an annual income of $1,600. At the same time his 1990 U.S. individual Income Tax Return shows income CT Page 7684 of $9,507, or approximately $183.00 per week. Three months later, in January of 1991 the defendant's sworn affidavit shows net weekly income of $250 per week.
It is also worthy to note that in September of 1990 the defendant lists liabilities of $5,850. In August of 1991, his liabilities drop by some $1,767 while his net weekly income dropped from $250 to $150. It is also noted that his liabilities escalated: Jennie Caiati — $4,500 — previously $1,600 Jo Campofiore — $4,000 — previously $2,483. In his August 20, 1991 financial affidavit, he shows the debt being incurred on 5/1/91. In his Exhibit A he shows the same 5/1/91 date, however, the debts are now up to $4,500 and $4,000 respectively. The defendant is less than consistent in many respects.
"It is settled that the trier of the fact has the right to accept part and disregard part of the testimony of a witness". Rood v. Russo, 161 Conn. 1, 3 (1971). See also, Barilla v. Blake,190 Conn. 631, 638 (1983).
The financial data and testimony afforded the court by the defendant is at best questionable. On the other hand, a review of the petitioner's financial information shows a reduction in income from $373.57 in December 31, 1990 with liabilities of $4,426 to $100 per week with no employment and liabilities of $21,990, as of April 2, 1992.
Other inconsistencies of the defendant were his inability to establish his debts as alleged to be owed to Jo Campofiore, and Jennie Caiati. The defendant's fiancee and mother respectively.
He alleges rent payments of $50 per week to his mother Jennie, (Exhibit A) when in fact, he has not paid rent in excess of 90 weeks.
He shows $100 per week in child support payments and they are in arrears in excess of 30 weeks. It seems clear to this court that the defendant has the ability to earn an income which is compatible with his current order. In July he was to have graduated from the Porter and Chester Institute with training as a draftsperson and in "Cad-Cam".
The defendant has failed to satisfactorily demonstrate a substantial change in income pursuant to the requirement of C.G.46b-86. The defendant has voluntarily chosen a path which fails to satisfy the requirements of the applicable statutes, therefore, his motion for modification is denied. It is further found that the application of the guidelines would be inequitable or inappropriate. CT Page 7685
It is further found that as of March 4, 1992 the defendant's arrearage is found to be ($10,265.00). (See testimony of Mrs. K. Peters on said date). At present, this court cannot find the defendant in contempt.
This matter is referred back to this court's calendar for review and compliance on Friday, September 25, 1992.
Edmund H. Miller Family Support Magistrate