## JOAN M. McKAY *v.* DANIEL McKAY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 6—decision released October 25, 1977

*Carolyn P. Kelly,* for the appellant (defendant).

*Ralph P. Dupont,* with whom was *Howard M. Gould,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant from a judgment of a state trial referee who, exercising the powers of the Superior Court, rendered judgment dissolving the marriage of the parties. The judgment granted custody of the minor children

1

to the plaintiff, awarded weekly support for the children and alimony of $10 a week, and ordered the defendant to assign and set over to the plaintiff his right, title and interest in the marital home in East Lyme occupied by the plaintiff and three of the children. While the defendant has assigned many claims of error, he has principally pressed assertions that the court erred in finding that he is capable of earning a minimum of $15,000 a year as an engineer and in making the award of alimony and support, which included the defendant's interest in the marital home. The home had a fair market value of $53,000 but was encumbered by debts totalling approximately $51,000.

Despite the defendant's broad attack on the finding of the court, we find that it is not subject to any material correction which would benefit him.

With respect to the income of the defendant, the unattacked finding is that he was a graduate of the Massachusetts Institute of Technology and a professional engineer with twenty-two years experience, had an income of $19,000 in 1974, and in 1976 formed a corporation of which he is in absolute control with ability to fix his own salary. The defendant himself testified that the average salary in the area for a person with his education, training and experience was $15,000. We find no merit to the defendant's present contention that there was no evidence to support the court's finding that he was capable of earning a minimum of $15,000 a year. Nor do we find merit in the contention of the defendant that in the absence of a specific claim in the plaintiff's complaint for a conveyance of the defendant's interest in the jointly owned home the court was powerless to assign it as part of its ali-

mony award. See General Statutes §§ 46-51, 46-52; *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 586, 362 A.2d 835.

We find no abuse of the broad discretion accorded to the trial court in such cases as this.

There is no error.