CAROLYN MILLER v. ROBERT E. MILLER

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued June 5—decision released July 29, 1980

*Joel M. Ellis,* with whom were *Donald J. Cantor* and *Edward S. Hyman,* for the appellant (defendant).

*Jean S. Ferlazzo,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, Carolyn Miller, instituted the present action to dissolve her twenty-five year marriage to the defendant, Robert E. Miller. The court rendered judgment dissolving the marriage and issued several ancillary orders. In addition to ordering the sale of the parties' jointly owned home with the net proceeds therefrom to be paid to the plaintiff and the distribution of their furnishings and personal possessions, the court awarded her periodic alimony in the amount of

---

$285 per week[1] secured by a $50,000 life insurance policy on the life of the defendant, maintained by him, with the plaintiff as the designated beneficiary, and an allowance for counsel fees. The court also determined that the defendant was in arrears in the payment of temporary unallocated alimony and child support which the trial court ordered him to pay. The defendant appeals from those orders claiming that the awards are excessive and are an abuse of discretion insofar as the trial court relied on the defendant's earning capacity rather than his actual earned income as the basis for determining the appropriate alimony award, property distribution and award of counsel fees.

In view of the court's distinct advantage in handling domestic relations matters, awards of financial settlement ancillary to a marital dissolution are within the sound discretion of the trial court acting in accordance with the standards and guidelines provided in the General Statutes. *Murphy* v. *Murphy,* 180 Conn. 376, 429 A.2d 897; *Fucci* v. *Fucci,* 179 Conn. 174, 425 A.2d 592; *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 423 A.2d 85; *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 413 A.2d 854. "In determining whether the trial court abused its discretion 'the ultimate issue is whether the court could reasonably conclude as it did.' " *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172; *Corbin* v. *Corbin,* 179 Conn. 622, 427 A.2d 432.

It is well established, and the defendant does not dispute, that under appropriate circumstances, the trial court may, in a marital dissolution proceeding, base financial awards on the earning capacity rather

---

[1] The weekly alimony would be reduced to $175 following the sale of the parties' home.

than the actual earned income of the parties. *Schmidt* v. *Schmidt,* 180 Conn. 184, 189, 429 A.2d 470; *McKay* v. *McKay,* 174 Conn. 1, 2, 381 A.2d 527; *Whitney* v. *Whitney,* 171 Conn. 23, 28, 368 A.2d 96; *Tobey* v. *Tobey,* 165 Conn. 742, 749, 345 A.2d 21; *Yates* v. *Yates,* 155 Conn. 544, 548–49, 235 A.2d 656. The defendant contends, rather, that there was insufficient evidence to support the court's reliance on his earning capacity. His contention that there was insufficient evidence regarding his potential salary is without merit in view of his testimony that, with the exception of a fourteen-month period of unemployment between 1975 and 1977, he had been employed for more than twenty years and that at the time the present action was commenced he was employed at the Savin Corporation at an annual salary of $43,000. Evidence of this kind forms a sufficient basis for utilizing the defendant's earning capacity in determining the appropriate financial awards. See *Schmidt* v. *Schmidt,* supra; *McKay* v. *McKay,* supra. Nor do we agree with the defendant's contention that reliance on earning capacity is improper in the absence of a finding that the defendant wilfully depleted his earnings with a view toward denying or limiting the alimony to be paid to his wife. Our cases indicate that it is permissible to utilize a party's earning potential in making financial awards where, as here, the earnings of that party are voluntarily depleted so as to deprive the spouse of financial support. *Schmidt* v. *Schmidt,* supra; *McKay* v. *McKay,* supra; *Whitney* v. *Whitney,* supra. In the present case, the defendant testified that he voluntarily and unilaterally left his employment at the Savin Corporation several months after the plaintiff had commenced the present action. This

resulted in a reduction in his salary. On the basis of the evidence presented by the parties, we conclude that the financial awards challenged by the defendant did not constitute an abuse of the court's discretion.

The defendant also claims error in the court's order that he pay $3048.44 representing the arrearage in the payment of alimony and child support pendente lite previously ordered by the court. On November 9, 1978, the court ordered the defendant to pay $285 per week as unallocated temporary alimony and child support. The order was payable when entered and terminated upon the rendition of the final judgment. *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815. In its memorandum of decision, the court determined that as of February 8, 1979, the defendant was obligated to make fourteen payments, for a total sum of $3990, in accordance with the November 9, 1978 order. The court found, however, that the defendant had paid only $941.56 in temporary alimony and child support. Subtracting the latter amount from the amount due, the trial court determined that the defendant was $3048.44 in arrears and ordered him to pay that amount.

The defendant claims that since his youngest child reached the age of majority on January 9, 1979, the order for temporary unallocated alimony and child support became ineffectual because from that point in time it was outside the court's jurisdiction to issue such an order. In *Broaca* v. *Broaca,* 181 Conn. 463, 435 A.2d 1016, we held that an order requiring the defendant husband to maintain certain insurance policies on his life with his two minor children irrevocably named as benefici-

aries was beyond the subject matter jurisdiction of the trial court inasmuch as the order purported to require the defendant to support his children after they reached the age of majority. In *Broaca* we relied on *Kennedy* v. *Kennedy*, 177 Conn. 47, 411 A.2d 25, where we held that an order requiring the payment of child support beyond the time that the child reaches the age of majority "is of no force and effect as a court order." Id., 52. Thus, to the extent that the judgment of the court requires the payment of support for the defendant's child after January 9, 1979, it is in excess of the court's jurisdiction. Accordingly, the case must be remanded to determine what portion, if any, of the temporary unallocated alimony and child support required to be paid after January 9, 1979, constituted child support, and to deduct that amount from the arrearage due the plaintiff.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.