LUCILLE R. HART *v.* WILBUR HART, JR.
(6982)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued May 10—decision released July 11, 1989

*Richard A. Johnson,* for the appellant (defendant).

*Mark R. Soboslai,* with whom, on the brief, was *Howard A. Jacobs,* for the appellee (plaintiff).

DuPONT, C. J. The defendant appeals from the judgment of the trial court dissolving his marriage to the plaintiff, challenging certain financial awards. The defendant claims that the trial court erred (1) in making certain factual findings allegedly unsupported by the record, and (2) in basing its orders of periodic alimony and child support on the defendant's earning capacity. We find no error.

The twenty-eight year marriage of the parties was dissolved by the trial court on the ground of irretrievable breakdown. Two of the parties' children died before the dissolution action was brought. Custody of the one surviving child of the marriage was awarded to the plaintiff. The trial court awarded to the plaintiff $160 per week in periodic alimony and $60 per week in support for the minor child. In other orders, the court assigned or divided and distributed various funds and bonds.

The defendant's first claim is that the trial court erred in basing its order regarding one particular bank account on erroneous findings of fact. In its memorandum of decision, the trial court found that, on the day following service of the complaint in this action, the defendant withdrew funds in the amount of $77,360 from a joint account in his and his mother's names and deposited the funds in a joint account in a Pennsylvania bank in his mother's and brother's names.[1] The defendant claimed that the funds were owed to his mother for the repayment of loans she had made to the parties.

---

[1] In its original memorandum of decision, the trial court mistakenly stated that the defendant withdrew funds from a joint account in the parties' names and deposited them in an account held in his mother's and brother's names. In a supplemental memorandum of decision, the trial court corrected the finding to state that the defendant withdrew funds from a joint account in the names of the defendant and his mother and transferred them to an account held in his mother's and brother's names.

The trial court found that, although the defendant's mother had loaned various sums of money to the parties during their marriage, these loans had been paid back prior to the transfer and that the transferred funds were actually joint funds of the parties. The defendant disputes these findings and the order of the court based on the findings. The court ordered the defendant to pay to the plaintiff one half of $77,360, the amount transferred by him to the Pennsylvania bank account, to be paid from any funds that the defendant chose.

When the factual basis of the court's decision is challenged, we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether in light of the evidence and the whole record, the facts are clearly erroneous. *Cookson* v. *Cookson,* 201 Conn. 229, 243, 514 A.2d 323 (1986); *Venuti* v. *Venuti,* 185 Conn. 156, 159, 440 A.2d 878 (1981).

In the present case, the record reveals that the parties purchased an apartment building in 1979, which they sold in 1984. The proceeds from that sale were deposited in a joint account in the parties' names. Thereafter, the defendant made several large withdrawals from that account and purchased bonds and a certificate of deposit for his mother. When he was served with the complaint in this action, the defendant transferred $77,360 from an account held in his and his mother's names and deposited the funds in a Pennsylvania account in his brother's and mother's names. The defendant testified that the funds were transferred to repay loans made by his mother and in fulfillment of an oral agreement that his mother would share in the profit from the sale of the apartment building. The defendant and his mother also testified, however, that all loans made by the defendant's mother to the parties had been repaid by the time the apartment build-

ing was sold. In addition, the plaintiff testified that she knew of no oral agreement between the defendant and his mother regarding the sharing of profits from the apartment building.

While the testimony regarding the loans and the apartment building proceeds is conflicting, it is the trial court's role to assess the credibility of witnesses. *Venuti* v. *Venuti,* supra, 159. The trial court's finding that the funds in question represented joint funds of the parties was not clearly erroneous.

The defendant also claims that the trial court erred in basing its determinations of periodic alimony and child support on the defendant's earning capacity, rather than on his actual income.

The trial court found that the defendant has a degree in operations management and had held a number of positions in the field of quality control engineering. The court further found that in the defendant's last position in the field of quality control, in 1983, he had earned an annual salary of $39,000. Since leaving that position, the defendant has cut lawns each year from May to October and has earned $8000 for each such period. The court noted that the defendant has had only two job interviews for quality control positions since 1984. The court concluded that the defendant has a demonstrated earning capacity much greater than his actual earned income and accordingly based its determination of alimony and child support on the former.

"In marital dissolution proceedings, under appropriate circumstances the trial court may base financial awards on the earning capacity rather than the actual earned income of the parties; *Lucy* v. *Lucy,* 183 Conn. 230, 234, 439 A.2d 302 (1981); *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980); when, as here, there is specific evidence of the defendant's previous earnings." *Venuti* v. *Venuti,* supra, 161; see also *McKay*

v. *McKay,* 174 Conn. 1, 2, 381 A.2d 527 (1977); *Lev* v. *Lev,* 10 Conn. App. 570, 573, 524 A.2d 674 (1987). It is particularly appropriate to base a financial award on earning capacity where there is evidence that the payor has voluntarily quit or avoided obtaining employment in his field. *Miller* v. *Miller,* supra, 612–13; *Schmidt* v. *Schmidt,* 180 Conn. 184, 189–90, 429 A.2d 470 (1980). The trial court did not err, therefore, in relying on the defendant's earning capacity in determining his obligations to pay periodic alimony and child support.

In making its orders, the court properly considered the plaintiff's nonmonetary contributions to the marriage. *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 306–12, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).

There is no error.

In this opinion the other judges concurred.