[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on May 13, 1981 in East Haven, Connecticut. There have been two children born issue of the marriage, Anthony, Jr., born July 18, 1983, and Salvatore, born August 3, 1988. The parties separated on October 15, 1990 when the defendant left the home and moved to Syracuse, New York. CT Page 8491
Both parties are in good health. The defendant will be 32 years of age in December of this year. The plaintiff is 31 years of age. The plaintiff is working at two jobs, working as an office manager for Dr. Craig O'Connell, earning gross wages of $215 per week, and part-time for Elm Communications in the evenings and earns $106 per week. Her net weekly earnings from these two positions is $253 per week. Her weekly expenses total $488, resulting in a "short fall" of $235. There are additional weekly payments on indebtedness of $75. Her outstanding indebtedness totals $9268, which includes $6000 of the defendant's indebtedness upon which the plaintiff is paying weekly amounts. These are on judgments obtained by the creditors against the plaintiff because the defendant was residing in New York and could not be reached for service of process.
The defendant is not employed at the present time. His primary occupation is that of an elevator mechanic in new construction. He was a member of the International Elevator Constructors Union, Local #91. To be eligible for work the defendant would have to pay a fine he believes would be $500 and three periods of quarterly dues of $200 per quarter, for a total of $1100, to be reinstated. The defendant also is an automotive mechanic and a welder. He only recently returned to Connecticut (three weeks ago) and has been looking for a job since then, and has checked with several local automotive dealers to apply for a position as a mechanic. He testified that of 600 members of the union, 431 are unemployed at the present time. He testified further that there were jobs available through the union but such jobs were out of state, i.e. west coast and Kuwait. He expressed the desire to be close to his children and does not wish to take a job out of state unless he has to. On the other hand, he has worked for the union for 6 1/2 years. To be eligible for a pension he must work for the union for 10 years and the union offers medical benefits. The youngest child is an asthmatic and that medical coverage is an important consideration.
Both children are in the State "Well Child Program" (equivalent to Title 19 for medical expenses). Anthony is in a hockey program. The defendant loves sports and is a hockey coach and baseball umpire. He freely admits that his love of sports and his work away from home were the reasons for the breakdown of the marriage.
The plaintiff seeks an order that the court assign a part of the defendant's pension to her. The defendant's pension rights have not yet vested. The court does not have the power to authorize a transfer of a mere expectancy. Rubin v. Rubin,204 Conn. 224 (1987). The plaintiff also seeks an order of alimony based upon the defendant's demonstrated earning capacity as an elevator mechanic in new construction. As previously noted, the CT Page 8492 defendant has been "pounding the pavement" looking for work. There has been no showing of "neglect to stay employed" as in the Lucy case. Lucy v. Lucy, 183 Conn. 230, 232 (1981). As in the Lucy case, however, the court does find that the defendant is an experienced mechanic and, except for the present economy, should be able to find employment within a short period of time. This case is readily distinguishable from Hart (Hart v. Hart, 19 Conn. App. 91
(1989)), where the defendant was not working to his capacity; from Miller (Miller v. Miller, 181 Conn. 610 (1980)), Schmidt (Schmidt v. Schmidt, 180 Conn. 184 (1980)), McKay (McKay v. McKay, 174 Conn. 1 (1977)) and Whitney (Whitney v. Whitney,171 Conn. 23 (1976)), where the earnings of the party were voluntarily depleted so as to deprive the spouse of financial support.
The defendant has expressed his wish to be close to his children. The following quotation from the case of Raymond v. Raymond, 165 Conn. 735, 741 (1974), sets forth the court's position on the issue of visitation:
 Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, 312. If circumstances have placed a financial burden on the parent in relation to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation.
The plaintiff claims the defendant's interest in the family residence, which the defendant is willing to convey. She seeks, also, the furniture and belongings in the family residence, which the defendant also agrees may be hers.
With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970); `This court has CT Page 8493 reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530 (1980).
The court has considered all of the criteria of 46b-81,46b-82 and 46b-84 of the General Statutes together with all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v. Scherr, 183 Conn. 366, 368, the court will not recount those statutory criteria and the evidence, other than has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman,188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo,197 Conn. 1, 5 (1985), and that the court need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
5. The court finds an arrearage of $1560 on the pendente lite orders to September 11, 1991.
The court enters the following orders: CT Page 8494
1. A decree of dissolution of the parties' marriage shall enter.
2. The plaintiff shall have custody of the two minor children. The defendant shall have reasonable rights of visitation upon reasonable notice to include one overnight visitation each month, one Sunday visitation each month, and one Saturday visitation each month. The parties shall alternate holidays and shall divide the children's birthdays. The defendant shall have visitation with the children on Father's Day and his birthday, and for one week during the summer when he is on vacation. The defendant's visitation for Christmas shall be on Christmas Eve or times agreed upon between the parties. If the parties are unable to agree regarding specific times and days, they shall return to court for more specific orders.
3. The defendant shall pay to the plaintiff by way of alimony an amount of $1 per year terminable upon the earliest to occur of the following events: the death of either of the parties, the plaintiff's remarriage, or ten years from the date hereof. At such time as the defendant has full time employment, this issue shall be reconsidered.
4. The defendant shall pay to the plaintiff by way of support for the minor children the sum of fifty ($50) dollars per week, commencing September 11, 1991. He shall make every effort to find employment at a trade in which he is experienced. Upon the defendant obtaining employment, he shall pay support to the plaintiff in accordance with the family support guidelines upon receipt of his first pay check. This matter shall be calendered for further proceedings on November 4, 1991 at which time, if the defendant has not then found employment, he shall be prepared to present evidence of his efforts to find employment.
5. The defendant shall maintain such hospital and medical insurance as he may have available through any employment or union plan for the benefit of the minor children. Any uninsured or unreimbursed medical or dental expenses shall be shared equally by the parties. The plaintiff shall have the benefit of the provisions of 46b-84(c) of the General Statutes.
6. The defendant shall convey all of his right, title and interest in and to the real property known as 14 Dora Drive, East Haven, Connecticut, to the plaintiff by quitclaim deed within thirty (30) days from the date hereof. The plaintiff shall indemnify and hold harmless the defendant from any claim or demand on the existing mortgage upon that property. CT Page 8495
7. The tangible personal property at 14 Dora Drive, East Haven, Connecticut, shall be the property of the plaintiff free of any claim or demand by the defendant, except for the defendant's clothing and personal effects which shall be his free of any claim or demand by the plaintiff.
8. The tangible personal property in the possession of the defendant shall be his free of any claim or demand by the plaintiff.
9. The arrearage on the pendente lite orders in the amount of $1560 shall be paid by the defendant to the plaintiff by payment of a weekly amount once the defendant finds employment. Orders in this respect shall be entered by the court in subsequent proceedings.
10. The 1980 Chevrolet Monza automobile shall be wholly the plaintiff's free of any claim or demand by the defendant.
11. Each of the parties are to supply the other party with his or her telephone number so that each may communicate with the other in the children's best interests.
12. The parties shall be equally responsible for those liabilities set forth in the plaintiff's financial affidavit totalling $9261. To the extent that the plaintiff may pay more than her half share upon any of those outstanding liabilities after this date, the defendant shall reimburse her to the extent she has paid more than her half share of the current balances.
13. The defendant shall be entirely responsible for the liabilities reported in his financial affidavit and he shall indemnify and hold harmless the plaintiff from any claim or demand thereon.
14. Each of the parties shall pay her or his own attorney's fees.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE