[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this matter are not in dispute. The plaintiff, whose maiden name was Cecelia M. Lyman, and the defendant were married on August 28, 1954 at East Hartford, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately preceding the date of the filing of the complaint. The marriage between the parties have broken down irretrievably and there is no reasonable prospects of reconciliation.
The plaintiff and the defendant have no minor children issue of the marriage. The plaintiff and the defendant have four adult children who are issue of the marriage ages 36, 33, 29 21. No other minor children have born to the plaintiff wife since the date of the marriage of the parties. Neither party is currently receiving assistance from the state of Connecticut.
The plaintiff is 55 years old and the defendant is 56 years old. The plaintiff is in fair health. She has high blood pressure for which medication is taken once a day and it is under CT Page 8494 control. The plaintiff completed 11th grade and does not have a high school diploma. She has not received any education since leaving high school at age 17. She has never been employed during the marriage and is currently unemployed. She does not have any special vocational skills. The plaintiff was the homemaker of the parties during the 37 or 38 years that the parties resided together. The defendant is in fair health. He has a torn cartilage in his left knee and a broken tail bone and also has hearing problems. None of those medical conditions prohibited him from working at Pratt Whitney where he was employed for 35 years. During the calendar year 1990 the defendant had an adjusted gross income from Pratt Whitney of $51,044. He retired in April of 1991. He has not attempted to seek employment since he retired from Pratt Whitney. It is reasonably probable that the defendant could have found employment if he had attempted to do so following his retirement from Pratt Whitney. The defendant has a present earning capacity of a gross annual income of $25,000. to $30,000. When he retired from Pratt Whitney he was the department supervisor of the repair of jet engine machinery department. He supervised between 13 to 25 people at the time of his retirement. He has construction skills regarding residential property including knowledge of plumbing, electrical wiring, carpentry, heating, installation of floors, installation of ceilings, and installation of walls. The parties jointly own a family residence located at 19 Clark Avenue, North Haven, Connecticut. That address was the family home of the parties in excess of 30 years. The present fair market value of that property is $150,000. It has an $88,000 mortgage and a net equity of $62,000. That property is in the name of both the plaintiff and the defendant. The defendant purchased a home at 106 Great Oak, Northford, Connecticut in his own name in April or May of 1991 for $128,000. The home was purchased by using part of the profit of the sale of another home that the defendant had purchased approximately 8 years ago an renovated. Since purchasing the Northford, Connecticut home the defendant has made approximately $4,000. Improvements in that property. The present fair market value of that property is $132,000. The parties also jointly own a 1 acre wooded lot a High Meadow Road, Winhall, Vermont. The present fair market value of that lot is $45,000.
Upon his retirement from Pratt Whitney the defendant was a paid a $9,000 lump sum bonus plus 7 weeks unused vacation pay plus 1 week for each year of his 35 years of employment. The 35 year employment payment was paid out to the defendant over a 35 consecutively weekly period commencing upon his retirement. During the time of that the parties were married the defendant handled all of the finances of the parties. Two of the foul children of the defendant had mental problems requiring more attention and were in special educational programs. One of the CT Page 8495 children is now a patient at the Connecticut Valley Hospital. Both the plaintiff and the defendant were good parents.
The parties are in dispute as to the cause of the breakdown of the marriage. The court finds that the sole reason of the breakdown of the marriage was as a result of the defendant physically assaulting the plaintiff on May 27, 1991. On that date the plaintiff arrived home at approximately 10:45 p. m. which was approximately 15 minutes later than she was intending to arrive at home. Upon arriving home the defendant proceeded to inflict a severe beating upon the plaintiff, hitting her, kicking her on the side, attempting to choke her, punching her in the face, shoulders and all over her body, thereby inflicting two lack eyes, severe bruises on her throat, neck and back, bruises on her arms and shoulders, a bloody lip, and swollen hands and elbows. Her bruises lasted approximately 8 weeks.
The defendant presently receives a weekly pension plan from Pratt Whitney in the amount of $279.07 gross weekly for life. Upon his death the plaintiff would be entitled to receive that pension until she reaches age 65.
The plaintiff owns a 1971 Pontiac with a present value of $1,000. She also owns household belongings, furniture and clothing with a total value of $15,000. She has a bank account at Connecticut National Bank with a $700. balance and an IRA with a value of $7,800. She does not have any liabilities.
The defendant owns a 1981 Oldsmobile with a value of $1,000 He has household goods and furnishings with a value of $15,000 He has a Connecticut Savings Bank account with a balance of $46.47, a Pratt Whitney Credit Union account of $214.03, and Connecticut Savings Bank checking account with an average balance of $379.32, and Penny Stocks with a value of $506.84. He has 401 tax deferred savings plan that was accumulated during the 35 years he was employed at Pratt Whitney with a present value of $136,677.98 and an IRA with a present value of $8,432.62. He had various liabilities totalling $4,852.59.
The court has used the defendant's earning capacity in basing financial awards. Earning capacity may be used when the payor as voluntarily quit or has avoided obtaining employment in his field. The court specifically finds that the defendant voluntarily terminated his employment and in addition has avoided obtaining any employment in any field in which he is qualified Hart v. Hart, 19 Conn. App. 91, 94-95 (1989).
This court has considered and weighed the facts set forth in46b-81 (c) in determining the issues of assignment of property and have considered and weighed the facts set forth in 46b-82 in CT Page 8496 determining alimony. This court has also considered and weighed the facts set forth in 46b-62 in determining whether to grant attorneys' fees.
ORDER
The court hereby enters the following orders:
A. The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to single and unmarried.
B. The court enters the following orders by way of alimony:
1. The defendant is ordered to pay to the plaintiff periodic alimony in the amount $300.00 per week. Said alimony shall terminate upon the earliest of the following events:
a. death of the plaintiff;
b. death of the defendant;
c. remarriage of the plaintiff;
d. 9-4-2002.
The provisions of 46b-86(a) and 46b-86(b) are applicable. Alimony shall be paid for a period of 10 years and is nonmodifiable as to term except for terminating upon the earliest of any of the above events. It is modifiable as to amount. In accordance of 46b-82, the court by way of security for the payment of alimony grants to the plaintiff a lien on the defendant's Pratt Whitney retirement plan.
C. The court enters the following orders by way of assignment of property:
1. The defendant is ordered to convey by quitclaim deed to the plaintiff forthwith his interest in the family home at 19 Clark Avenue, North Haven, Connecticut. All furniture and furnishing and personalty in the family home are awarded solely to the plaintiff.
2. The 1971 Pontiac is awarded solely to the plaintiff.
3. The defendant is ordered to convey by quitclaim deed to the plaintiff forthwith his interest in the lot at High Meadow Road, Winhall, Vermont.
4. The defendant is ordered to execute whatever documents CT Page 8497 are required in order for the plaintiff to be the sole beneficiary of his Pratt Whitney weekly retirement plan to be effective upon his death.
5. The property at 106 Great Oak Road, Northford, Connecticut is awarded solely to the defendant.
6. The plaintiff is to pay the mortgage on the 19 Clark Avenue, North Haven, Connecticut property and hold the defendant harmless therefrom.
7. The 1981 Oldsmobile showing on the defendant's financial affidavit is awarded solely to the defendant.
8. All household goods and furnishings in the possession of the defendant are awarded solely to the defendant.
9. The Connecticut National Bank account in the plaintiff's name and the IRA in the plaintiff's name are awarded solely to the plaintiff.
10. The Connecticut Savings Bank Savings account, Pratt Whitney Credit Union account, and Connecticut Savings Bank Checking account and the Penny Stocks shown on that defendant's financial affidavit are awarded to the defendant. The IRA account shown on the defendant's financial affidavit is awarded to the defendant.
11. The 401 tax deferred savings plan shown on the defendant's financial affidavit is ordered divided with 60% ordered to be transferred to the plaintiff and the remaining 40% to be retained by the defendant. The defendant is ordered to execute whatever documents are required in order to effectuate this transfer. Any taxes that are incurred as a result of the 60% transfer to the plaintiff are to be the responsibility of the plaintiff. The Court retains jurisdiction regarding the documents to be executed by the defendant.
12. The defendant is ordered to pay all liabilities shown on his financial affidavit and hold the plaintiff harmless therefrom.
13. All of the contents of the garage and the shed at the family residence at 19 Clark Avenue, North Haven, Connecticut are awarded to the defendant. The defendant is to remove such contents within 30 days of the date of this decision and the failure to do so will result in the defendant having no further interest in such contents. The parties are ordered to cooperate in arranging for mutual mutually convenient times for this removal to take place. CT Page 8498
D. The court enters the following order by way of attorney's fees:
1. The court orders that the defendant to pay to the plaintiff the sum of $2,500. as attorney fees.
E. Tax returns: The court enters the following order regarding tax returns:
1. Each party is ordered to provide the other party with a copy of their respective federal income tax return within 15 days after such a return has been filed. This order shall continue for so long as the defendant is required to pay alimony to the plaintiff.
F. Medical coverage: The defendant is to cooperate to make available to the plaintiff any continuation of his health insurance available through his prior employment at the sole expense of the plaintiff for the maximum period allowed by law.
Sidney Axelrod, Judge