[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action were married on November 27, 1996. They have two children, to wit: Charles Reznicoff, born December 8, 1996, and Lucas Reznicoff, born August 22, 1999, both of whom reside with the plaintiff wife ("wife"). The wife has a masters Degree from Columbia University and teaches English pan-time at Staples High School in Westport, Connecticut. In addition, she is attempting to start a Yoga school, after recently receiving training in that field in Mexico. She testified as to the possibility that she will be offered another class at Staples for the spring term. Her affidavit discloses that she has an annual income of approximately $5,000 from her endeavors. The defendant husband ("husband") is employed by University Stamp Company, a corporation in which he owns one-half the stock. He is considered an expert in his field and is frequently consulted about the authenticity and value of collectibles and memorabilia, in particular letters and documents of famous people. He testified that he suffered a few reverses this year and that one of his principal customers has cut back. In addition, he testified that the events of September 11, 2001, have had a negative effect upon his business. His current financial affidavit shows an annual income of CT Page 2173 $108,000, but does not show the $30,000 bonus he received earlier in the year. However, evidence of past earnings disclose a history of substantially greater earnings. For example, in the year 1998, he reported over $385,000 in base salary, consulting, and distributions from his S corporation; in 1999 he reported over $623,000 in base salary, consulting, and his S corporation distributions. Likewise, in 2000 he reported over $537,000 in base salary and bonus, along with S corporation distributions. Traditionally, he has paid himself a bonus at year end. In 2000, this amounted to $300,000. This year he testified to a modest bonus earlier in the year in the amount of $30,000. In addition, as of December 31, 2000, the corporation had retained earnings of $432,000. The family is covered by health insurance through the wife's employment. By motion dated October 22, 2001 (#104), the wife seeks temporary alimony and child support, and an order that the husband be responsible for all unreimbursed medical expenses of the minor children. In addition she seeks orders of temporary custody and visitation. A hearing was held in this court on November 13, 2001, at which time both parties appeared to offer testimony and evidence.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence
presented at hearing, as well as the factors enumerated in Sections46b-56, 46b-82, 46b-83, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the wife's net earnings are approximately $320.00 per week; that the husband's net earnings as shown on his financial affidavit are approximately $1,440.00 per week; that the evidence demonstrates that the husband has an earning capacity, even after taking into consideration the current state of the economy, of between $350,000 and $400,000 per annum.
 2. That based upon the affidavits of the parties, the presumptive basic child support is $393.00 per week; and that the husband's share would be $371.00; and that taking into account the husband's earning capacity, the combined net income of the parties is in excess of the maximum guideline amount.
3. That the purpose of pendente lite orders is to maintain the status quo during the pendency of the case, Wolk v. Wolk, 191 Conn. 328, 330-331 (1983); and that it is equitable and appropriate to consider the husband's earning capacity in making its orders regarding alimony CT Page 2174 and child support. Hart v. Hart, 19 Conn. App. 91, 94-95 (1989).
 4. The Court finds that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Commencing March 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $12,500 as and for periodic unallocated alimony and child support, until the death of either party or further order of court, whichever shall sooner occur. The wife shall be responsible for the normal costs of maintaining the residence at 108 Cross Highway, Westport, including mortgage, real estate taxes (if included in the mortgage payment), and hazard insurance. The husband shall be responsible for the normal costs of maintaining the property in Truro, Massachusetts, including mortgage, real estate taxes (if included in the mortgage payment), and hazard insurance.
 2. The wife shall maintain and pay for health insurance for each of the minor children so long as it is available to her through her employment and at reasonable cost. All unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, shall be paid by the husband. The provisions of Section 46b-84 (e) C.G.S. shall apply.
 3. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S in order to secure the payment of the alimony and child support orders.
THE COURT
 ___________________ SHAY, J.