[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in New York, New York, on December 13, 1990. Two children have been born to the plaintiff wife ("wife") since the date of the marriage, to wit: Arjun B. Raval, born April 12, 1992, and Neel B. Raval, born October 8, 1994. Both boys reside with the wife in the marital home at 22 Dora Street (Unit C), Stamford, Connecticut. The parties have lived separate and apart since March 2001, when the defendant husband ("husband") was ordered from the premises by virtue of a restraining order issued by this court. The husband resides sometimes with his sister in New York, and at other times in a home owned by his family in Middlesex, England.
The husband is 41 years old and testified that he has no major health problems. He is a college graduate, although, by his own testimony, he is neither employed nor is he seeking employment at this time. In his words, he is waiting for this case to conclude. Nevertheless, he did work for a good portion of the marriage, first in a family bakery in Queens, for which he received no monetary compensation, and later as a sales assistant at Filene's and then Macy's. His last fulltime job was at Peoples Bank where he earned between $18,000 and $20,000 per year. He left there in May or June of 2000. He has not worked since. He testified that his family had given the couple gifts throughout the marriage, but he was unable to substantiate this claim. In addition, he testified that CT Page 8320 his extended family continues to support him with lodging and other necessities. He expects that this will continue.
The wife is 35 years old and is also a college graduate. She is in also apparent good health, but did testify that she has had severe headaches, and that the results of a recent mammogram, indicate the need to have a biopsy. She has also worked outside of the home throughout much of the marriage since the birth of the youngest child. She currently works at fleet Bank as a Service Representative where she earns $21,000 per annum. She contributes to a medical plan as well as a 401(k) plan through her employment.
The principal asset is the condominium at 22 Dora Street, Stamford, Connecticut, which was purchased by the wife in April 1999, and titled in her sole name. The original purchase price was $187,500, and there is a current mortgage balance of $134,000. Title was later placed in both names. The wife testified that she believed that the unit has a fair market value of $220,000.
The wife testified that the marriage broke down due to the constant verbal and physical abuse by the husband. This the husband denies. The court found the wife's testimony to be more credible.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-56, 46b-81, 46b-82, 46b-84, and46b-215a, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that the husband is primarily at fault.
4. That the husband has voluntarily remained unemployed since June 2000; that based upon his education and previous employment, the husband has an earning capacity of at least $19,000 per annum; that according to his testimony, he receives regular and consistent support in the nature of cash payments and housing, and it is equitable and appropriate for the court to give consideration to this support (Unkelbach v. McNary,244 Conn. 350 (1998)); and that it is also equitable and appropriate to consider his earning capacity in making its orders regarding child CT Page 8321 support. Hart v. Hart, 19 Conn. App. 91, 94-95 (1989).
5. That the presumptive basic child support is $241.00 per week; and that the husband's share is $105.00.
6. That the fair market value of the premises at 22 Dora Street, Unit C, Stamford, Connecticut, is $220,000; that the legal title to same is in the joint names of the husband and wife; that there is a first mortgage having a balance of approximately $134,000; that the equity is approximately $86,000; that the wife has made a substantially greater contribution to the maintenance and preservation of this asset; that the property is a marital asset subject to equitable division; that the property is the principal residence of the minor children; and that it is equitable and appropriate that both parties share the equity in this asset.
 ORDER
IT IS HEREBY ORDERED THAT:
1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
2. The wife shall have sole custody of the minor children, Arjun B. Raval, born April 12, 1992, and Neel B. Raval, born October 8, 1994, subject to the reasonable, liberal and flexible visitation rights of the husband. Initial visitation with the husband shall be as may be determined by the wife, and at such other times as the parties may agree. In the event that parties are unable to agree upon any issue regarding appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court.
3. Commencing July 1, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $105.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S.
4. No alimony is awarded to either party.
5. The wife shall maintain and pay for health insurance for each of the CT Page 8322 minor children so long as the husband shall be obligated to pay child support for that child. Unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, shall be divided by the parties, 30% by the husband and 70% by the wife. The provisions of Section 46b-84 (e) C.G.S. shall apply.
6. The wife shall promptly notify her employer as to the change of marital status and shall cooperate with the husband in obtaining continuation health insurance coverage as provided by state and federal law. The husband shall be responsible for the payment of any premiums due for such coverage.
7. Personal property shall be divided as follows:
A. The children's furniture shall remain in the wife's residence.
B. The home furnishings at 22 Dora Street, Stamford (in addition to the children's furniture) shall belong to the wife free and clear of any claims by the husband.
C. Each party shall be entitled to keep the automobile which they are currently driving (whether owned or leased) free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same. Specifically, the wife shall be entitled to the 1997 Honda Civic.
D. The wife shall be entitled to the following property free and clear of any claims by the husband:
1. The balances in her Fleet Employee checking account, savings account, and regular checking account.
2. The Fleet 401(k).
8. As to the jointly-owned real estate at 22 Dora Street, Unit C, Stamford, Connecticut, within thirty (30) days from the date hereof, the husband shall convey his interest therein to the wife by means of a fully-executed Quit Claim Deed along with completed Conveyance Tax Forms. Thereafter, the wife shall have exclusive possession of the real estate and shall be responsible for the payment of all mortgages, liens, taxes, and insurance, and shall indemnify and hold the husband harmless from any further liability thereunder. In the event that the husband shall fail to comply with the above order, the court shall retain jurisdiction to enter appropriate orders pursuant to statute.
9. The wife shall pay to the husband a lump sum property settlement in CT Page 8323 the amount of $25,000 as follows: $2,000.00 on or before January 1, 2003, and annually thereafter the sum of $2,000.00 until the same shall be paid in full. The foregoing notwithstanding, upon the sale of the premises, the then balance shall be due and payable in full. Said lump sum shall be nonmodifiable by either party, and in the event that the wife shall predecease the husband, the remaining balance (less any outstanding child support arrearage) shall be a charge against her estate.
10. Except as otherwise set forth herein, the parties shall each be responsible for their own debts and they shall indemnify and hold each other harmless from any further liability thereon. Specifically, the husband shall be solely liable for the outstanding balance on his Chase Platinum Visa Card.
11. Each party shall be responsible for their respective attorney's fees and costs incurred in connection with this action.
12. The wife shall be entitled to claim the personal exemption for the minor children commencing with the tax year 2002 and thereafter.
13. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the child support order, said order to become effective upon the husband's obtaining of employment or his receipt to unemployment benefits whichever shall sooner occur.
THE COURT
SHAY, J.