[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #128
The motion to terminate or reduce alimony is denied as the court finds the following.
The defendant's weekly earnings from Pratt Whitney at the time of the dissolution were $1,075.88. The defendant accepted an early retirement package from Pratt Whitney in July, 2002. He therefore intentionally caused a reduction in his income.
He testified as to his reasons for retiring, to wit: He was suffering from stress; he was unfamiliar with the equipment he was assigned to inspect and feared having a job related accident. These reasons do not survive close scrutiny.
Instead, the court finds that before his retirement and subsequent to it, he actively changed his lifestyle. He purchased a home in New York State with his fiancee spending in excess of $75,000 for a down payment and repairs. He also purchased a drag racing car and a car trailer to further his interest in drag racing. To finance these purchases, he borrowed against and cashed in retirement accounts. Therefore he intentionally reduced available retirement funds.
The defendant shares his expenses with his fiancee. His financial affidavit overstates expenses in some categories. The defendant provided no evidence that he is unable to obtain some gainful employment to supplement his income from pension and social security.
The plaintiff inherited $280,000 from her father and one-half interest in his realty. She invested these assets together with the proceeds from the sale of the marital home which she had been awarded in the dissolution judgment. She bought her sister's interest in their father's home and lives there now owing no mortgage on it. She draws $800 per month from her investments to supplement her alimony income. CT Page 123
The plaintiff's health is worse than at the time of the dissolution. She had an earning capacity of $250 a week at the time of the dissolution as a receptionist, a position she can no longer fill due to arthritis, angina and hernia surgery. The plaintiff has modest expenses except for unreimbursed medical expenses and $96 per week in gifts.
Her assets have not been used to purchase recreational items but are being used for her own support. Were the court to reduce or terminate alimony, she would be penalized for investing her inheritance rather than spending it.
In Paddock v. Paddock, 22 Conn. App. 367 (1990) the court stated:
 In appropriate circumstances in marital dissolution proceedings, a trial court may base its financial awards on the earning capacity rather than the actual earned income of the parties. Johnson v. Johnson, 185 Conn. 573, 576, 441 A.2d 578 (1981); Hart v. Hart, 19 Conn. App. 91, 94, 561 A.2d 151 (1989). Such circumstances include those where there is evidence that a party voluntarily quit or avoided employment in his or her field of expertise and where there is evidence of that party's previous earnings. Miller v. Miller, 181 Conn. 610, 612-13, 436 A.2d 279 (1980); McKay, 174 Conn. 1, 2, 381 A.2d 527; Hart v. Hart, supra, 94, 95.
This court has also considered the statutory factors and observed the parties' demeanor. The court can understand the defendant's desire to seek enjoyment in his retirement years. However, he cannot dismiss his obligation to his former wife of 33 years by voluntarily depleting his income-yielding assets and reducing his income.
 ___________________, J. SANDRA VILARDI LEHENY
CT Page 124