[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 52 year old plaintiff wife has brought this action against the 55 year old defendant husband seeking a dissolution of their marriage that took place on June 29, 1956 at Marietta CT Page 6274 Georgia. The parties have three married children, 34, 32 and 28 years old.
The plaintiff has worked as a waitress at a local restaurant since 1976. For the past several years the plaintiff has worked the dinner shift from 6 p.m. to 11 p.m., sometimes staying after work to socialize. The plaintiff had been a homemaker for 20 years for their first child arrived soon after the marriage. The plaintiff has always retained her earnings while the defendant supported the family. By the plaintiff's own admission, the defendant was always generous with the parties' children.
The defendant ran heavy equipment for the Street Department of the City of Waterbury for over 15 years until he sustained injuries at work forcing him into retirement in 1976. He has since bought and sold cars, served as a union negotiator, and worked as a process server for a large apartment complex. He has owned and raced horses, managed a Friendly's Ice Cream, owned and then sold a convenience store at a profit, and in 1974-1975, purchased and ran a restaurant with the plaintiff before disposing of his interest a few months later. Until recently he also did snow plowing on a contract basis.
The defendant testified that the marriage was over fully 9 or 10 years ago. The plaintiff acknowledged that the marriage began to deteriorate about 8 years ago.
What relationship which still existed between the parties collapsed on July 4, 1990 when the plaintiff discovered that the defendant had fathered a child over 6 years earlier as the result of an affair with Lucy Bonacassio, an employee of the defendant's store. On the next day, the defendant admitted the situation to the plaintiff and moved out of the family home. On October 4, 1990, Lucy Bonacassio purchased a home in Waterbury utilizing mortgage funds for which the defendant co-signed the mortgage note, (Plaintiff's Exhibit F). The defendant advanced no funds, however.
The court finds that, although the plaintiff's behavior contributed to the breakdown, the defendant's liaison with Lucy Bonacassio was the major cause of the breakdown becoming irretrievable.
The City of Waterbury Pension Benefits Administrator, Palma Brustat, testified that the city's plan is non-qualified under ERISA and that a qualified domestic relations order (QDRO) would not be honored. The defendant receives $471.73 monthly as pension income, (Plaintiff's Exhibit A) and the plaintiff's surviving spouse rights terminate upon a dissolution of the marriage to the retiree. The court views the defendant's pension and the income CT Page 6275 therefrom as an asset of the marriage acquired during the marriage before the marriage broke down.
The plaintiff remains covered on the defendant's medical plan provided by the City of Waterbury.
The parties owned real property during their marriage, but sold it in 1980, splitting the proceeds.
The plaintiff is in fair health, having testified to various ailments, and the defendant is in good health, except for the shoulder injury that led to his retirement.
The defendant has engaged in many income generating pursuits since his retirement but he has elected to be fully retired during the pendency of this case. The plaintiff has cited Tobey v. Tobey, 165 Conn. 742 at 749 which states that,
 "In a proper case the amount of alimony awarded may be based upon earning capacity or prospective earnings rather than actual earned income."
See also Miller v. Miller, 181 Conn. 610, at 612-613. As a constable, the defendant was generating monthly income of $421, (Plaintiff's Exhibit 1) in August, 1990. Although he lost his main account, there was no evidence concerning efforts to solicit other accounts from lawyers, landlords, and others in need of service of process.
Having reviewed the evidence in light of the statutory criteria, the court enters a judgment dissolving the marriage of the parties on the ground of irretrievable breakdown and, as part of the judgment, enters the following orders:
1. The defendant shall pay the sum of $50 weekly to the plaintiff as periodic alimony until her remarriage or the death of either party.
2. The defendant shall pay for the continuation of the plaintiff's medical coverage through the City of Waterbury's plan for the three years continuation allowed by COBRA, or until the plaintiff obtains other medical coverage within said period.
3. The contents of the marital home are awarded to the plaintiff.
4. The arrears on the pendente alimony, which was 8 weeks as of the time of trial, shall be paid to the plaintiff on or before CT Page 6276 September 4, 1991.
5. The defendant shall retain his 10% interest in 16 Brennan Place, Waterbury, Connecticut.
6. The defendant shall name the plaintiff as beneficiary on his City of Waterbury life insurance for so long as he remains liable to pay alimony.
7. Each party shall pay their respective debts, including legal expenses.
Counsel for the plaintiff is directed to prepare the judgment file.
DENNIS F. HARRIGAN, J.