[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 48 year old plaintiff husband has brought this action against the 44 year old defendant wife seeking a dissolution of their marriage that occurred on May 5, 1965 at Waterbury, Connecticut. There are four children issue of the marriage, one of whom, William J. born August 5, 1981, is a minor. The parties have agreed to joint legal custody, primary residence with the mother and reasonable visitation rights in the father.
The plaintiff has been a salesman, a retail furniture store owner and operator, a used car dealer and over the past 20 years has invested in and traded real estate.
The plaintiff injured his back several years ago and in 1987 an operation was performed on it.
The defendant kept the records of the rental properties operated by the plaintiff. She has not worked outside the home in about eight years for minor son has a learning disability.
The parties own a home at 2 Brighton Road, Prospect valued at $175,000 and having a current net equity of $25,000 after deducting a first mortgage of $90,000 and a second mortgage of $60,000.
The parties own an apartment house known as St. Regis Apartments located at 330 East Main Street, Waterbury. The property is valued at $1,000,000 and is fully encumbered with no net equity. The plaintiff occupies the superintendent's apartment as his present home. The rent roll cash flow manages to carry the building with little left.
The parties also own a garden apartment complex at 168 East Main Street, Waterbury which has a market value of $1,475,000 and is fully encumbered. The rent roll covers the carrying costs with CT Page 10396 a positive cash flow of $600 monthly.
The plaintiff recently purchased vacant land next to the St. Regis apartment house which he values at $125,000. There is no encumbrance. The plot was leased for parking but at present is being used by tenants of the St. Regis without fee.
There is one remaining property that the court will not distribute for the plaintiff's mother actually has the beneficial interest if not legal title.
The plaintiff has demonstrated an earning capacity, business acumen and entrepreneurial skills. The court will not found orders on his activities as a self-employed superintendent. The plaintiff also has cash income from the coin operated washers and dryers in his buildings. While operating the furniture store, the plaintiff was able to draw $500 weekly from it. The plaintiff has moved cash sums into and out of a safe under his control. His car utilizes a dealer's plate. In short, the plaintiff has limited his overhead, limited his income trail, and participates in our "cash economy". The court invokes Miller v. Miller, 181 Conn. 610
for the establishment of child support and alimony in this case.
The defendant also has an earning capacity although she is not presently working. The plaintiff maintained the books for the rental real estate business, she has been a waitress, and she has worked for a local bank as a key punch operator. The court will consider these elements in balancing the parties' respective earning capacities.
A telling point was made by defendant in her testimony that the St. Regis building was providing a much higher positive cash flow than acknowledged by the plaintiff, in the amount of $2,500 monthly. The court finds this to be the more credible evidence.
A decree is entered dissolving the parties' marriage on the ground alleged.
1. Custody is ordered to be joint legal custody with his primary residence with the mother. The plaintiff is awarded reasonable visitation privileges.
2. The plaintiff is ordered to pay $150 weekly child support.
3. The plaintiff shall provide Blue Cross and Blue Shield coverage for the minor child. The parties shall equally divide uninsured bill balances. This order is subject to Section 46b-84(c) Connecticut General Statutes. CT Page 10397
4. The plaintiff shall pay to the defendant the sum of $200 weekly as periodic alimony for two (2) years, or until the defendant's earlier marriage or death, and $1.00 per year thereafter with the same contingencies.
5. A wage withholding is ordered for both the alimony and child support.
6. The defendant is awarded the plaintiff's interest in the real estate known as 2 Brighton Road, Prospect together with its contents. She shall assume the two mortgages and hold the plaintiff harmless.
7. The plaintiff is awarded 330 East Main Street, Waterbury and 168 East Main Street, Waterbury as his sole property and he shall hold the defendant harmless.
8. The plaintiff is awarded the vacant parking lot next to St. Regis as his sole property, and he shall execute a note and mortgage deed to the order of the defendant in the amount of $50,000 without interest, payable in five (5) equal annual installments, first such due on January 2, 1993.
9. The plaintiff shall be solely responsible for any loans or claims of Helen Ventresca, and he shall hold the defendant harmless.
10. The plaintiff shall pay his debts and the defendant shall pay her other two (2) debts listed on her financial affidavit.
11. Each party shall retain the motor vehicle as listed on their financial affidavits.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.