[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 45 year old plaintiff husband has brought this suit against the 34 year old defendant wife seeking a dissolution of their marriage that took place on April 4, 1986 at Naugatuck, Connecticut. The court finds the allegations of the complaint as amended to be proven except that the plaintiff moved to Wells, Maine last summer.
The plaintiff is currently unemployed and is collecting unemployment compensation. He is an experienced auto dealer sales manager and business manager and was employed in these capacities throughout the marriage. There is no question, but that he has a substantial earning capacity. However, there was no evidence that he is evading available work, Miller v. Miller, 181 Conn. 610 or that he quit his last employment. During the marriage the plaintiff gave his paychecks to the defendant who ran the household budget. He is presently under Maine court order to pay $50 weekly child support for children of a former marriage and the state of Maine is currently claiming an arrears of $9,010, (Defendant's Exhibit 8) for child support advanced as well as CT Page 2598 $1,845 for unpaid income tax liability incurred prior to this marriage (Defendant's Exhibit 9). A 1987 I.R.S. income tax refund due the parties was diverted to the State of Maine and credited to the child support arrears. A subsequent audit of that return resulted in an additional tax liability of $4,138 (Defendant's Exhibit #15).
The defendant was also employed by an auto dealer at the time of this marriage, and continued as a service advisor with another dealer from February, 1987 until July 11, 1988 when defendant entered Eagle Hill for 30 days for treatment of her alcoholism. She returned to the same job with the same dealer and has been there for the past 25 months.
The plaintiff left the marital home for a rented room prior to July, 1988. The parties attempted a reconciliation upon defendant's discharge from Eagle Hill, which lasted until January 10th or 11th, 1989 when the defendant saw the plaintiff having breakfast at a local restaurant. A confrontation ensued and the plaintiff moved from the marital home later that day. Another final reconciliation took place from February, 1989 until October, 1989 and ended when defendant moved out rather than risk further exposure to alcoholic beverage or other illegal drugs. During 1988 and 1989 the parties participated in counselling through Carestep, Inc. where a bill of $5,907 remains unpaid. Subsequent to that final separation, the defendant became pregnant by another man and gave birth to a child, Ron Thomas Barton-Bucklin, on August 25, 1990. The plaintiff was excluded as the father as a result of blood tests (Plaintiff's Exhibit A) although the defendant alleged that the plaintiff was the father in her cross-complaint filed October 4, 1990.
From the evidence the court concludes that the marriage never recovered from the first separation but certainly was irretrievably broken down by the final separation of October, 1990. The court declines to aportion the causes unequally and concludes that both parties are equally responsible for the marriage breakdown. They are also equally responsible for the financial tangle they have. The only asset of value is a 1969 Chevrolet Corvette which the parties bought as an investment. It is presently undergoing restoration under the defendant's supervision. The defendant has it stored at her father's garage at the present time.
The I.R.S. assessment has grown to $7,759.13 (Defendant's Exhibit #4). The defendant's financial affidavit lists joint and sole liabilities totaling $30,475. The plaintiff's affidavit lists only three (3) bills totaling $1,300, all incurred in 1991.
Having reviewed the evidence in light of the statutory CT Page 2599 criteria, the court enters the following judgment.
1. A decree is entered on the complaint as amended dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The defendant's cross-complaint is dismissed as moot.
3. The 1969 Chevrolet Corvette is awarded to the defendant as her sole property. The plaintiff is ordered to execute any documents necessary to assign his interest in it to the defendant.
4. The plaintiff is ordered to be solely responsible for settling the I.R.S. assessment for 1987 taxes now billed at $7,759.13 and he shall hold the defendant harmless and indemnified if she is called upon to pay any part.
5. The plaintiff is ordered to submit the Eagle Hill bill balance to the insurance carrier that had the coverage at his place of employment. Any remaining balance, whether reduced or not by such submission, shall be paid equally by the parties.
6. The plaintiff and the defendant shall each pay 50% of the following bills listed on the defendant's financial affidavit:
 Concord Fin. $ 964.53 Concord Fin. 1,020.69 Sears Roebuck 922.81 Amer. Exp. 160.00 Citibank 905.60 Bank Ohio 1,166.63 Town of Naug. 550.00 Carestep, Inc. 5,907.00 Amoco Oil 305.16 M.G. Maksymiw 550.00
7. The defendant shall be solely responsible for the remaining bills listed on her affidavit:
 Waterbury Hosp. Waterbury Hosp. Diagnostic Rad. Naug. Valley Med. Lance Banwell G. Labriola Dermatology Assoc. Texaco Oil Gulf Oil Beneficial Conn.
CT Page 2600
8. No periodic alimony is awarded.
9. The defendant's maiden name of Barton is ordered restored to her.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, JUDGE