[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The plaintiff's amended complaint dated February 16, 1995 is found proven and true in all respects. Judgment is entered dissolving the parties' marriage. CT Page 6233
The parties have been able to resolve many of the issues. They executed a "Stipulation of Agreed Issues," dated June 16, 1995 consisting of eleven paragraphs, and the court adopts paragraphs two through eleven as orders to be included in the judgment. Paragraph one stipulates that the value of the family home is $160,000.00 which the court accepts.[1]
The dispute centers on the defendant's earnings and his earning capacity as a house painter working as a sub-contractor for "Painting by Maestro" and also as a contractor for smaller jobs from time-to-time. The defendant's current affidavit states gross weekly earnings of $500.00 and a net weekly wage of $400.00. These figures were challenged by the plaintiff who produced a listing of various "side jobs" the defendant had in 1993 (Plaintiff's Exhibit #2). The defendant admitted he did not seek any side jobs after he was served with the dissolution complaint on April 20, 1994. Prior to that date, the court finds as fact that the defendant was able to generate additional income of $200.00 weekly gross earnings from these smaller jobs. The plaintiff introduced a financial affidavit the defendant executed on October 5, 1994 on which he listed $600.00 net weekly wage. The defendant admitted that he paid a helper $140.00 for a day's work, the prevailing rate. The weekly total at that daily rate is $700.00. The court concludes that the defendant's financial affidavit dated June 16, 1995 understates his earnings from "Painting by Maestro". Further, the defendant is intentionally avoiding the side jobs he routinely performed. The court invokes the earning capacity rule, Miller v. Miller, 181 Conn. 610.
This court finds that the defendant's ability to generate earnings is $600.00 "net weekly wage". The court found the defendant to be an evasive witness. In fixing child support, the court accepts the net weekly wage of the plaintiff, as stated on her current financial affidavit, of $236.00 and will employ $600.00 net weekly for the defendant's figure. The parties have three minor children. The defendant is ordered to pay $253.00 weekly child support directly to the plaintiff.
The second issue is the eventual disposition of the family home. The plaintiff contributed $10,000.00 and the defendant contributed $60,000.00. An ill advised loan to the defendant's cousin caused a loss of the loan of $14,000.00 and an additional $5,000.00 of legal expenses. The court reduces the defendant's investment to $40,000.00. Upon the sale of the property the CT Page 6234 defendant shall be paid $30,000.00. The plaintiff shall recover the principal paid on the mortgage from today to closing, and the balance of the net proceeds shall be divided equally.
As an additional order, the property shall be placed on the market sooner than the stipulation if the plaintiff remarries, is found to be living with another person as defined in § 46b-86
(b), or moves from the premises.
The third issue is the disposition of the parties' savings account maintained at Union Trust Co. which contains about $25,000.00. There is an arrears due on the pendente lite order which shall be paid to the plaintiff from the defendant's share. In addition, the plaintiff is awarded an allowance to prosecute of $5,000.00 which shall be paid to the plaintiff from the defendant's share. The plaintiff shall be paid $12,500.00 from the account and plaintiff shall then be paid the said pendente arrears and the said allowance from the remaining $12,500.00 The defendant shall receive the remaining balance of approximately $6,900.00.
During her sole occupancy of the marital home the plaintiff shall be solely responsible for the mortgage installments, taxes, H.O. insurance, utilities, and minor repairs not exceeding $300.00. The parties shall equally bear the cost of any repairs exceeding $300.00.
The defendant shall pay to the plaintiff the sum of $72.00 weekly as periodic alimony until the death of either party, the plaintiff's remarriage, or further order of the court.
An immediate wage withholding order is entered.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.