[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 39, whose birth name was Schwabe, and the defendant, 46, married on September 11, 1982 in Stamford, Connecticut. Both parties have resided in Connecticut for more CT Page 4225-GGG than one year prior to the commencement of this action for dissolution. There are two minor children issue of the marriage, Kathryn Elizabeth d.o.b. 3/1/86 and Patrick Michael d.o.b. 2/15/89. The marriage has been broken down irretrievably. Judgment is entered dissolving the marriage.
The parties have agreed on joint legal custody with primary residence of both children with the plaintiff and liberal visitation awarded the defendant. It will be so ordered.
The plaintiff had completed college, was qualified to teach secondary education and did teach in Merrick, Long Island, New York prior to the marriage. In 1982 the plaintiff had joined AGS Computers in Norwalk as a job placement consultant, earning $30,000.00 annually. By 1986 her income had increased to $130,000.00 annually at the same company.
After giving birth to their older child the plaintiff began working for Dennis Rowan Painters, Inc. where she remained for the following eight years averaging four hours daily.
The defendant was and is a painting contractor via the named corporation which he owns. The business catered to commercial and the luxury end of the residential market offering painting and related services. The plaintiff secured several substantial commercial accounts as well as residential jobs for the business. After the arrival of their younger child they employed a live-in nanny, permitting the plaintiff to continue working for the company. Despite her contributions to the success of the business, the plaintiff never became an officer or had an "arm's length" compensation package. The court find this to be a significant cause of the marriage breakdown.
As the marriage broke down completely, the plaintiff quit working for the defendant's company in March, 1994. On May 1, 1994 the plaintiff began employment with Target Resources, Inc. which places people capable of installing software applications.
The parties' final separation occurred on December 29, 1994.
The defendant was able to draw an annual salary in 1994 and 1995 of $110,000.00. There were additional cash jobs that were not fully recorded. However, there were two contracts that resulted in substantial costs, one at a Marriott in Virginia that sustained a loss of $120,000.00, and another $65,000.00 lost on a condominium CT Page 4225-HHH job.
The parties had bought and then sold, at a profit, a home in Westport. Their present marital home at 68 Godfrey Road, Weston was then purchased for $450,000.00 with $90,000.00 down payment. They then undertook a renovation that would eventually total $225,000.00. Three years ago the house was refinanced for $443,200.00. Shortly thereafter they added a second mortgage given to Shawmut Bank for $150,000.00 and a third mortgage to Shawmut for $65,000.00. The first mortgage went into default when the November 1995 installment was not paid. A foreclosure action has been started(CV96 0150978) by the current holder of the note, Bankers Trust Company, as Trustee, returned to April 2, 1996.
Both parties vacated the premises which were rented and are now occupied by tenants.
The plaintiff, after vacating the marital home on August 22, 1995 rented a small house in Weston at $1,650.00 monthly, on a lease expiring this summer.
The corporation has experienced receding cash flow and working capital to a point where the corporation's equity was in negative territory by March 31, 1995 (Defendant's Exhibit F).
The plaintiff's current earnings are again over $100,000.00 with 1996 expected to generate $135,000.00 (Defendant's Exhibit G).
The trial was completed on January 30, 1996. On March 1, 1996 the defendant filed a petition under chapter 7 of the Bankruptcy Code with the District of Connecticut (Bridgeport) Case No. 96-50327. The notice states that it appears no assets are available from which payment may be made to unsecured creditors. The court is now advised that a relief from stay has been entered in that case.
At the court's request the defendant has filed an updated financial affidavit dated May 3, 1996. The defendant lists "Profit Sharing Plan (Est) $69,028.00" as the sole asset in his name having substantial value. He lists current net disposable weekly wages of $913.00 with auto expenses of $37.00 and life insurance premiums paid by his corporation, less taxes thereon, of $153.00 weekly other income, a grand total of $1,066.00 weekly.
The plaintiff's financial affidavit dated January 10, 1996 CT Page 4225-III lists a monthly net disposable income of $3,338.00. The plaintiff lists $9,573.00 monthly expenses which are not sustainable.
The defendant has been paying medical coverage for both the plaintiff and the children through the corporation. He has $850,000.00 life insurance in force, paid through the company.
The court finds that the child support guidelines maximum of $1,750.00 combined net weekly income is exceeded by the combined net incomes which, when combined, total $1,842.00. Since the total exceeds the maximum guidelines monthly by $92.00 the court will use the maximum on the chart of $480.00 for two children. The defendant's share is 58% or $278.00 weekly child support.
Due to the pending bankruptcy, the court will enter no orders regarding division of assets or liabilities at this time.
Although the defendant has demonstrated a higher earning capacity in years past, the court finds no basis for application of earnings capacity now, Miller v. Miller, 181 Conn. 610. The court finds no basis to order substantial alimony in favor of either party at this time.
Having considered the evidence in light of the applicable statutes, including Sec. 46b-82 and Sec. 46b-84, the court enters the following orders.
1. The parties are awarded joint legal custody with primary residence of both children with the plaintiff and with liberal visitation awarded to the defendant.
2. The defendant is ordered to pay to the plaintiff, as child support, the sum of $278.00 weekly, with the first payment due this Friday. A contingent wage withholding order is entered.
3. The defendant is ordered to pay to the plaintiff, as periodic alimony, the sum of $1.00 per year until the death of either party, the remarriage of the plaintiff or further court order.
4. The division of the parties' estates is deferred until the defendant is discharged in bankruptcy or the petition is dismissed.
HARRIGAN, JUDGE CT Page 4225-JJJ