[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OR THE PLAINTIFF'S NOTION FOR MODIFICATION(#143); THE DEFENDANT'S MOTION FOR CONTEMPT (#136) AS AMENDED(#140); THE PLAINTIFF'S MOTION FOR ORDER (#141) AND THEDEFENDANT'S MOTION FOR ORDER (#137)
The plaintiff husband the defendant wife had their marriage dissolved by decree entered July 5, 1995. A 30 page agreement was incorporated by reference in the judgment. It provided for monthly payments by the plaintiff to the defendant of $2,500.00 unallocated alimony and child support. The plaintiff's financial affidavit dated July 5, 1995 listed net weekly earnings of $1,066.36 earned as a professional engineer and civil engineer, employed by Anheman Associates P.C., a company owned and operated by plaintiff and his father.
On November 1, 1995 the plaintiff resigned from his position. The plaintiff and his father had been negotiating to permit the plaintiff to acquire his father's interest, thereby allowing the father to retire. The negotiations failed. The plaintiff also objected to certain billing and business practices of his father. In his resignation letter, the plaintiff broached the buy out of his 40% interest in Associates (Plaintiff's Exhibit #1).
The plaintiff incorporated Anheman and Partners on October 30, 1995, working from his home on projects that followed him to his new office.
The plaintiff's business increased. By February, 1996 the plaintiff billed $13,375.00 for the month (Plaintiff's Exhibit #11). From inception through March 11, 1996 the plaintiff billed $34,310.00 and received payments thereon of $20,642.00. The court notes that the February receipts are double those of the prior months.
The plaintiff continued to inquire about any interest in his 40% share of Associates without response, (Plaintiff's Exhibits #13, #14, and #15) until a letter dated February 23, 1996 was sent by plaintiff's father enclosing a balance sheet on which is listed "loans to the company by shareholders" as a liability thereby creating a negative net equity. The cover letter from a C.P.A. disclaimed any responsibility for the figures (Plaintiff's Exhibit #16). The balance sheet in not credible.
The allegations of irregular billing and business practices engaged in by the plaintiff's father went unrefuted and the court finds that the plaintiff had sufficient cause to resign his position and to open his own business.
These actions caused the plaintiff a cash flow problem. By CT Page 4536 December, 1995, he was able to draw $200.00 weekly from the business and on February 26, 1996 he increased his draw to $500.00 weekly. He also stopped paying the life insurance premiums last January due on policies for the children.
As of April 4, 1996 the parties stipulated that $11,552.29 was the unpaid arrears on the present periodic order.
The court finds no basis to apply the "earning capacity" test as set forth in Miller v. Miller, 181 Conn. 610. The court further finds that the plaintiff has demonstrated a change in circumstances caused by actions of his father and beyond the plaintiff's control. The plaintiff's motion for modification is granted. The unallocated order is terminated effective as of the date of service of the motion by citation which was December 6, 1995, Sec. 46b-86(a) Conn. Gen. Stat.
Utilizing the plaintiff's draw of $500.00 weekly and the defendant's net weekly of $357.71 less day care of $150.00 or $207.71, the combined net is $707.71. For three children the total weekly child support is $313.00. The plaintiff's share is 70% or $220.00.
The plaintiff's obligation for child support is ordered to be $220.00 weekly from December 6, 1995.
Periodic alimony is also reduced to $1.00 a year as of December 6, 1995.
The file is referred to Support Enforcement for calculation of the arrearage in light of the foregoing orders.
The defendant's motion for contempt (#136) as amended (#140) is denied, Tobey v. Tobey, 165 Conn. 742 since the plaintiff is found unable to obey the periodic unallocated order without fault on his part.
Motions (#137) and (#141) are not properly brought since they seek a modification of judgment as to visitation. The motions are denied.
No attorney fees are awarded.
HARRIGAN, JUDGE CT Page 4537