[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter comes to this Court on appeal from the Family Support Magistrate Division (Lifshitz, F.S.M.). The Respondent father appeals orders entered with respect to the support of the minor child born as a result of his relationship with Petitioner. The matter has been submitted to the Court on the papers and the Court has reviewed its file including, without limitation, Respondent's Appeal from the Family Support Magistrate's Decision, dated October 3, 1997, his memorandum/petition in support thereof, and a transcript of the proceedings below. Based upon a review of the entire record, the CT Page 11578 orders of the Magistrate are affirmed in part and reversed in part.
Although the Respondent has raised a number of issues on appeal, his principal contention is that the Magistrate improperly attributed to him an earning capacity of $15.00 per hour for a work week consisting of over 40 hours in establishing a current support order of $111.00 per week for the parties' minor child. In actuality, the Magistrate found the Respondent to have an earning capacity of $15.00 per hour which, based upon a work week of approximately 36 hours, equated to an earning capacity of $550.00 (gross) per week. The Respondent claims that he does not possess, and the evidence does not support, that earning capacity.
It is well established that a support order can be based upon a party's earning capacity rather than his or her actual earned income. Miller v. Miller, 181 Conn. 610 (1980). In this case, the Respondent claims that he is enrolled in a work/study program at Three Rivers Community College where he serves as a project director supervising a staff which operates a computer library. (Transcript ["T"], p. 25.) He is compensated at the rate of $15.00 per hour for a maximum of 17 hours per week, although he claims to work, on an uncompensated basis, considerably more hours per week. (T, p. 16-17.) Consequently, his gross bi-weekly earnings amount to $510.00 ($255.00 per week) with net bi-weekly earnings of $261.97 (approximately $131.00 per week). Respondent's Exhibit No. 2. He contends that these actual earnings should have served as the basis for any support order entered by the Magistrate.
In disregarding Respondent's actual earnings in favor of a considerably higher earning capacity, the Magistrate had before him the following facts. The Respondent is 35 years of age. (T, p. 36). As a teenager more than 15 years ago, he worked as a pipefitter at Electric Boat where he earned $8.00 or $9.00 per hour at that time. (T, p. 35.) Thereafter, he was employed in a sales capacity (assistant vice president) where he earned between $40,000.00 and $60,000.00 annually. (T, p. 35.) As previously noted, Respondent is trained in the computer field and is currently working at a rate of $15.00 per hour. He claims that his current work/study arrangement is a means to a greater end (possible full-time employment with the State upon graduation; T, p. 17), however he has been involved in this program for approximately five to six years (T, p. 15) and has yet to obtain an associate's degree. (T, p. 31.) He could not indicate how many CT Page 11579 more credits he needed to complete his degree nor was he clear on how much longer it would take. (T, p. 32-33.) Respondent offered no evidence that he could not obtain a better paying job but, rather, indicated he could not work full time because of his academic curriculum. (T, p. 45.) The financial burden of Respondent's protracted academic career has fallen on the child who is the subject of these proceedings (for whom no support has ever been paid) (T, p. 48); and three other children for whom Respondent is responsible (T, p. 35-36) and is currently obligated to pay the total sum of $50.00 per week (part of which constitutes an arrearage) (T, p. 36-38). At the same time, however, the Respondent seems to be meeting his own needs by purportedly residing with his brother (T, p. 19), receiving funds from him (T, p. 23) and driving a late model vehicle which he claims to belong to his sister (T, p. 20).
On appeal, it is the Respondent's burden to show that the decision of the Magistrate is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record . . .". C.G.S. § 46b-231 (n)(7)(E). The Magistrate found Respondent not to be credible. The weight to be given the evidence and the credibility of the witnesses are within the sole province of the trial court. Vaiuso v. Vaiuso, 2 Conn. App. 141,146, cert. den., 194 Conn. 807 (1984). The trial court (in this case, the Magistrate) has the "unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to [this Court]" Kaplan v.Kaplan, 186 Conn. 387 (1982). Apart from the issue of credibility, the admitted facts before the Court demonstrated that the Respondent is currently earning $15.00 per hour in the computer field. Although the Magistrate could have attributed to the Respondent an even greater earning capacity based upon the evidence of record, he did no more than attribute to the Respondent his current hourly rate extrapolated to a full work week. The Magistrate could likewise conclude, based upon the various skills possessed by Respondent and his unduly protracted and seemingly endless pursuit of an associate's degree, that Respondent has intentionally remained underemployed in order to minimize his support obligations for his four children. Under the circumstances, this Court cannot conclude that the decision of the Magistrate was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. CT Page 11580
Respondent raises a number of other issues which require only brief comment. He claims that he was "not fully advised of his rights", however he has not specified the rights to which he is referring nor how he was prejudiced in the proceedings conducted before the Magistrate (particularly in view of the fact that he was represented by counsel). He further states that he was "not initially sworn when questioned by the court and by the plaintiff", however this argument is without merit because (i) the Magistrate considered his testimony nevertheless and, more importantly, (ii) the oath was administered to him during the proceedings in a manner which encompassed both the statements he had previously made on the record as well as the testimony he thereafter gave. Finally, Respondent claims that he had received medical treatment earlier in the day and had taken pain medication which impaired his ability to comprehend the nature of the proceedings, respond fully and appreciate the consequences of the matter. A review of the record, however, reveals that Respondent was represented by counsel throughout the hearing and no request for a continuance was made. Moreover, a review of the transcript discloses that the Respondent capably (but perhaps not credibly) responded to questions which were addressed to him and advanced his position with respect to his alleged limited ability to provide child support at the time. Accordingly, the Court finds that Respondent was not impaired in his ability to comprehend the nature of the proceeding, respond fully and appreciate the consequences of the matter.
A review of the record, however, does reveal that the arrearage found by the Magistrate in favor of the Petitioner and the State was incorrectly calculated. The minor child for whose benefit the support orders were entered was born on March 6, 1996. Although Respondent had never contributed to the support of the minor child, his obligation to do so would not relate back to periods prior to the child's date of birth. In this case, the Magistrate found an arrearage to the Petitioner in the amount of $15,150.00 and to the State in the amount of $4,474.00 by applying the support order of $111.00 per week retroactively over a period of three years. The retroactive application of the order to this extent substantially pre-dated the birth of the child.
Accordingly, the matter is remanded for the purpose of recalculating the arrearages due and owing to the Petitioner and the State. Although this Court could recalculate the arrearages due and owing to each, it has chosen to remand the matter in order to allow the Respondent the opportunity to present CT Page 11581 documentation to substantiate his actual payment of court-ordered child support for his three other children. He contends that the Magistrate improperly denied a deduction for these payments in calculating his support obligation. The Magistrate apparently took judicial notice of the support files involving Respondent's other children and, observing that there were ongoing contempt proceedings with respect to those actions, concluded that Respondent was not making support payments and, therefore, was not entitled to a deduction for such payments in calculating his support obligation in this matter. Two problems arise in this regard. First, it would have been preferable had Respondent been given prior notice of the Magistrate's intention to take judicial notice of the other court files, as such notice would have afforded him a more meaningful opportunity to adduce proof that he had actually made the support payments in those cases and, therefore, was entitled to a deduction for the same in calculating his support obligation in this case. Second, the Magistrate relied upon the fact that contempt proceedings had been initiated in the other matter rather than an actual finding of contempt. Although a trial court may take judicial notice of a file of another action in the same court, not every statement or conclusion found in the file is evidentiary because such statements may be hearsay and offered to prove the truth of the matter asserted. Tait and LaPlante's Handbook of Connecticut Evidence § 6.2.2 (a) (2nd Ed. 1988).
For purposes of remand, therefore, the Magistrate's finding that the Respondent has an earning capacity in the amount of $550.00 per week (gross) is affirmed. The Respondent is to be given the opportunity to present whatever evidence he may have that, at the time the Magistrate rendered his ruling, he was current in his support obligations to his three other children so as to allow for a deduction of said payments in calculating his support obligation for the child who is the subject of this proceeding. Following the Magistrate's determination whether Respondent is entitled to a deduction for court-ordered support payments made by Respondent for his other children, a current support order shall be entered (based upon an earning capacity [gross] of $550.00 per week), an arrearage to the petitioner and State shall be established and a weekly payment on said arrearages shall be ordered.
Solomon, J. CT Page 11582