[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR MODIFICATION OF CUSTODY, VISITATION AND CHILD SUPPORT — POST JUDGMENT (132)
On May 19, 1999 the Court rendered judgment dissolving the parties' marriage at which time a separation agreement of said date was incorporated by reference as part of the judgment. The agreement provided that the defendant pay to the plaintiff $232.13 weekly as child support for their child. At that time the defendant was employed in a family business earning about $1500 weekly as a sales representative.
The defendant has left that employment to begin a new career as an artist. He is supported by his parents who give him $20,000 annually and the use of a house at One Janet Court, Riverside containing four bedrooms. The expert called by the plaintiff testified that the fair market rental value of the said property is $3000 monthly (Plaintiffs Exhibit #1). Plaintiff's Exhibit #5 lists 40 checks written by the defendant's father for the defendant's benefit or to the defendant from September 2, 2000 through January 2, 2001 totaling $28,252.67. The court concludes that the defendant's parents are maintaining their son in a way that allows him to evade any work for wages. CT Page 6618
The court heard no credible evidence regarding the defendant's skill as an artist. No expert testimony was offered by the defendant upon which the court could conclude that the examples of his paintings contained in Defendant's Exhibit A have any commercial value leading to the generation of income. The court gave little credence to the defendant's own testimony.
The defendant has 15 years experience as a sales representative. He had previously worked as a fashion model. Last November his father paid his Screen Actors Guild dues, (cf. Check #3199, Exhibit #5). The court concludes that his failure to engage in any income producing occupation in a consistent fashion is by his own choice. The court further concludes that he is intentionally failing to utilize his sales experience. The defendant has willfully depleted his earnings as well as his earnings potential, Miller v. Miller, 181 Conn. 610, 612. The recent case ofMarrocco v. Giardino, 255 Conn. 617, at 638 stated the general rule as follows:
 "Of course, every parent has a moral obligation to support his children. See Rose v. Rose, 481 U.S. 619, 632, 636, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987) ("family support obligations are deeply rooted moral responsibilities')."
The plaintiff was teaching school on a part-time basis at the time judgment was entered, earning a net of $147.66 weekly. Currently she is teaching full-time earning a net of $696.37 weekly. The court finds this to be a substantial change in her circumstances. The court finds that the defendant's earning capacity to be as it existed when judgment was entered. The court adopts the worksheet submitted by the plaintiff, dated and filed on January 29, 2001. The defendant's motion to modify child support is granted. The defendant is ordered to pay $192 weekly child support to the plaintiff. Pursuant to Sec. 46b-86, Conn. Gen. Stat., this new order is made retroactive to the date of service of notice which was November 21, 2000. A wage with holding order is so ordered pursuant to statute.
 _____________________________ HARRIGAN, JUDGE TRIAL REFEREE