[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following background facts are not in dispute. The parties were married on March 23, 1991, in Rye, New York, approximately ten years ago. Both parties have lived in this state for more than twelve months prior to the filing of the complaint, therefore, the court has jurisdiction. There are four minor children issue of the marriage, ages seven and one-half, six, four, and three.
Both parties testified at trial and were represented by capable counsel. The husband is thirty-six years of age, the wife is thirty-nine, and both are in good health. Neither either party nor their children have ever received welfare or aid from the State of Connecticut or any subdivision thereof.
As to the cause of the marital breakdown, the court believed the defendant's (wife) testimony that the plaintiff (husband) emotionally abused her by constantly accusing her of having an extramarital affair, which she denied. Having four minor children and being a full-time homemaker and mother, the court finds his accusations to be highly unlikely. His behavior more than hers contributed to the marital breakdown, and the court finds him primarily at fault. The court has considered this as one factor in awarding periodic alimony to the defendant and also in dividing the marital assets pursuant to §§ 46b-81
and 46b-82 of the Connecticut General Statutes. CT Page 9110
The marriage is ordered dissolved pursuant to § 46b-40 (c)(1) of the Connecticut General Statutes on the ground of irretrievable breakdown.
The plaintiff's current earnings were in dispute. He has been employed for at least the past five years as a loan coordinator at Stevens Auto Mall in Bristol, Connecticut. His weekly income is computed monthly depending on the number of automobiles he finances on the number sold. He introduced into evidence a spreadsheet of weekly income for the past fifteen weeks, totaling $13,886.32. (Plaintiffs Exhibit 1.) He divided this amount by fifteen weeks for an average weekly income of $925.75, using this amount on both the child support worksheet and on his financial affidavit.
The court finds that in the year 2000, this past year, his gross annual earnings were $123,057.81 (Defendant's Exhibit 4). The defendant urges the court to find his earning capacity is $120,000. After considering the plaintiff earned a gross average income of $104,000 over the past four years and that he earned $123,057.81 in 2000, the court finds him to have a gross annual earning capacity of $104,000, or $2,077 per week, and after allowable deductions, his net weekly income would be $1,441 per week. Tobey v. Tobey, 165 Conn. 742, 749 (1974); Miller v. Miller,181 Conn. 610, 611 (1980). The court rejects the plaintiffs claim of $925.75 in weekly income listed on his financial affidavit and his child support guidelines worksheet based on his earnings for the last fifteen weeks.
He listed expenses of $1,118.27 per week on his financial affidavit. His debts are $50,227, of which $30,000 are loans from his parents. His net cash assets are $77,313.75, of which $44,000 is the total equity in the marital home. He shows a net equity of $24,600 in a Chevrolet Suburban. His cash assets are about $11,000, of which $9000 represents a tax refund on last years federal income tax.
The defendant's financial affidavit also has minimal cash assets. She has no income from employment because she is a full-time mother with four minor children and a homemaker. She receives weekly rental income of $103.85. Her expenses on her financial affidavit are listed at $1,433, and there is a first and second mortgage on the marital home of approximately $203,000. Both parties have a substantial shortfall between their income and expenses. It will be necessary, as it is in most divorces, that each party will have to reduce their living expenses to meet their needs.
The court has listened to the testimony of both parties and reviewed all the exhibits in evidence. In addition, the court has taken into consideration all the criteria set forth in § 46b-82, the alimony CT Page 9111 statute; § 46b-81, the assignment of property and assets statute; § 46b-84, the child support statute; and § 46b-215 (b), the child support guidelines, as well as the relevant case law including Scherr v.Scherr, 183 Conn. 366 (1981).
Accordingly, the following orders may enter.
1. The parties shall retain joint legal custody of the four minor children: John G. Fellin, Joseph M. Fellin Jr., Jeremy J. Fellin, and Jaimy K. Fellin (ages seven and one-half, six, four, and three). The children shall reside with the defendant. The plaintiff shall have visitation with the children on alternate weekends from Saturday at 6:30 p.m. through Sunday at 8 p.m. The plaintiff shall also have the children on his day off, from after school until 8 p.m., or if the children are not in school, for his entire day off. He shall notify the defendant one month in advance with regard to his choice of daytime visitation with the children. The parties shall share the major holidays, but specifically, the plaintiff shall have the children on Thanksgiving and Christmas Eve, and the defendant shall have the children on Christmas and Easter. Each party shall have two uninterrupted weeks of vacation time with the children, and there shall be notification by May 1 of each year with regard to the choice of summer vacation time. The plaintiff has requested, and the defendant agrees, that he will always have the thirty-second week of the year for vacation with the children. The plaintiff shall have the children on Father's Day. The defendant shall have the children on Mother's Day. The plaintiff shall have reasonable telephone contact with the children each weekday between 7:30 and 8:30 p.m.
2. The plaintiff shall pay to the defendant child support for the four minor children of $28,800 per year in accordance with the child support guidelines, based on his annual earning capacity of $104,000, payable in installments of $1,200 each on the first and fifteenth of each month in advance. Child support payments shall continue until each child attains the age of eighteen years, but if still in high school, support shall continue through high school graduation, but not beyond the age of nineteen years. When the eldest child is no longer eligible for child support payments, and as each child becomes ineligible, there shall be a recalculation with regard to the amount due under the then existing child support guidelines.
3. The plaintiff shall pay to the defendant as alimony the sum of $15,000 per year, payable in installments of $625, payable on the first and fifteenth day of each month in advance. Alimony payments shall continue until the death of either party, the defendant's remarriage, her cohabitation with an unrelated male pursuant to § 46b-86 (b) of the CT Page 9112 Connecticut General Statutes, which may cause a modification, suspension or termination of the alimony, or five years from date. Upon the happening of the first of those previously enumerated events, alimony shall terminate.
The defendant is a college graduate, and the parties agreed that she would not seek outside employment, and she has been a full-time homemaker and caregiver for their four minor children. The court has awarded the defendant periodic alimony for the next five years to enable her to improve her skills in order to obtain outside employment and after all of the minor children are full-time students. Porter v. Porter,61 Conn. App. 791 (2001).
Until her gross annual earnings exceed $25,000, the plaintiff shall not be entitled to seek a modification of this periodic alimony order.
An immediate wage withholding order shall enter for alimony and child support payments.
4. As long as there is a child support or alimony obligation, the parties shall furnish to each other, no later than April 30 of each year, copies of their federal and state income tax returns.
5. The plaintiff shall continue to provide medical insurance coverage for the minor children as available through his place of employment. If dental insurance is available, said coverage shall also be continued for the children. The provision for the medical insurance coverage shall continue until the obligation to support each child has terminated. The parties shall equally share the costs of unreimbursed medical and dental expenses incurred by the children.
6. The defendant is entitled to COBRA medical insurance coverage, and the plaintiff shall cooperate in obtaining the same. The plaintiff shall be responsible for the payment of COBRA medical insurance coverage for the defendant for the required three year period. He shall promptly pay the same each month as is required, and said COBRA insurance payments shall be deemed additional alimony for tax purposes.
7. The parties are the joint owners of property located at 10 Appleblossom Lane, Newtown, Connecticut. The plaintiff shall transfer whatever interest he may have in said property to the defendant within the next thirty days. The defendant shall be responsible for all encumbrances concerning said property and save the plaintiff harmless from any claims that may arise against him as a result of his previous property ownership. It is understood that the plaintiff is liable on the first and second mortgages, and the defendant will use her best efforts CT Page 9113 to refinance these two mortgages to relieve the plaintiff for any liability.
8. The plaintiff shall transfer to the defendant any and all claims and interest he may have in the Chevrolet Suburban automobile, which she is driving. The automobile has no loan obligation. The defendant will assume any future encumbrances concerning said property.
9. The plaintiff shall retain his Honda motorcycle and the 1996 Jayco recreational vehicle, and he shall be responsible for all costs and encumbrances concerning said vehicles. He will save the defendant harmless from any and all obligations concerning the same.
10. The parties have previously divided their personal property, and each shall retain the items in their possession. The plaintiff may take from the marital home his IBM computer, stereo system and tape deck component within the next thirty days.
11. The defendant shall purchase a $100,000 term life insurance policy naming the children as equal beneficiaries if the same is available through his employment and he is qualified to be insurable, as long as the cost does not exceed $100 per month.
12. There are certain accounts set aside for the benefit of the children's education. There is a First Union brokerage account, and each of the children also have an account which is set forth on the defendant's current financial affidavit. These accounts shall be maintained and utilized for education expenses for the children.
13. The plaintiff is ordered not to transport the four minor children in the front seat of any vehicle until the child attains at least twelve years of age.
14. Each party shall retain whatever minimal pension and retirement accounts they may have, free and clear of any claims the other may have for the same.
15. The parties shall pay their own counsel fees.
16. There is an IRS federal tax refund of $9,000 for the year 2000. Said refund shall be divided equally between the parties.
17. There is a current support order in place which is payable in arrears. The payment of $3,500 due July 1, 2001 is for the month of June, 2001. This order shall remain in place, and any new court order for the payment of alimony and child support shall begin on July 15, 2001 CT Page 9114 prospective for the month of July.
18. The plaintiff may claim three children as dependents for tax purposes, and the defendant may claim the youngest child. The parties shall execute whatever documents are necessary to facilitate the same.
Petroni, J.T.R.