[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR ALIMONY AND SUPPORT PENDENTE LITE (121)
The court heard this motion, which was fully contested, on February 11th and makes the following findings of fact.
There are two children issue of the marriage, Jessie born January 24, 1994 and Kylie born March 29, 1996. They reside with their mother.
The plaintiff is presently unemployed by choice. She previously demonstrated employment skills in the sales and marketing end of the magazine industry. She earned $60,500 in 2000 (Plaintiff's Exhibit #2) and has been employed at $90,000 annual salary in the recent past. Except for one year after the birth of the older child she worked at her career during the marriage. The plaintiff has been receiving $1833.33 monthly from a trust fund.
The defendant operates Kidz On The Go Entertainment, LLC, mostly CT Page 1762 without assistance. The business is seasonal in that during the winter he receives deposits for events to be held during the warmer months. His net income for 2001 was $58,834.29 (Defendant's Exhibit A). The defendant's financial affidavit projects a draw monthly of $4,000. The court finds his spendable income to be $58,800 based on past performance.
The court finds that the plaintiff is failing to exercise her considerable business skills and the court, applying the earning capacity rule defined by Miller v. Miller, 181 Conn. 610, finds that the plaintiff's earning capacity at least equals the defendant's capacity, certainly when supplemented with the $22,000 annual trust income.
The court finds the combined net income to be $117,600 or $2260 weekly. The guidelines call for $526 weekly or $263 payable by the defendant. The defendant submitted a guidelines worksheet which arrived at $266.06 due plaintiff for child support. Copy is attached hereto. Ordered that the defendant pay $266 weekly to the plaintiff as child support and 39% of any unreimbursed medical expense. The plaintiff' request for alimony is denied.
HARRIGAN, J.T.R.
CCSG-1 NEW 8-99 C.G.S. § 46b-215a
§ 46b-215a-5a. Regulations of Connecticut State Agencies
 STATE OF CONNECTICUT COMMISSION CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines 
MOTHER FATHER CUSTODIAN Wendy Packer James R. Packer [x] MOTHER FATHER OTHER:
COURT D.N. CASE NO. NUMBER OF CHILDREN Stamford/Norwalk at Stamford FA 01 01852514 So. 2
 CHILDS NAME DATE OF BIRTH CHILDS NAME DATE OF BIRTH Jessie 1/24/94 Kylie 3/29/96
 I. NET INCOME (Weekly amounts) MOTHER FATHER
1. Gross income (attach verification) $277 $923
2. Federal income tax (based on all allowable exemptions, CT Page 1763 deductions and credits) $ 0 $121
3. State and local income tax (based on all allowable exemptions, deductions and credits) $ 0 $ 38
4. Social security tax or mandatory retirement $ 0 $144
5. Medicare tax $ 0 $ 21
6. Medical, hospital, dental, or health insurance premium payments (for other than child) $ 0 $ 0
7. Mandatory union dues or fees $ 0 $ 0
8. Non-arrearage payments on court-ordered alimony and child support awards (for other than child) $ 0 $ 0
9. Imputed support obligation for qualified child (Current support for all children/total number of children x number of qualified children) $ 0 $ 0
10. Sum of lines 2-9 $ 21 $324
11. Net income (line 1 minus line 10) $256 $599
II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $860
13. Basic child support obligation (from Schedule of Basic Child Support Obligations) $282
14. Check here if noncustodial parent is a low-income obligor and refer to instructions:
15. Child's health insurance premium $100 $ 0
16. Total current support obligation (line 13 minus noncustodial parent's line 15 amount if line 14 is $382 checked; line 13 plus total of line 15 amounts for all other cases)
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) 30.35 69.65 CT Page 1764
18. Each parent's share of the total current support obligation (line 17 times line 16 for each parent) $115.94 $266.06
19. Health insurance premium adjustment (enter line 15 amount for each parent) $ $ 0
20. Social security dependency benefits adjustment $ $ 0
21. Sum of lines 19 and 20 (for each parent) $ $ 0
22. Presumptive current support amounts (line 18 minus line 21) $ $266.06
23. Recommended current support order (noncustodial parent only) (If different from line 22, state applicable deviation criterion on line 47.) $ $266.06
III. UNREIMBURSED MEDICAL EXPENSE
24. Net disposable income (line 11 plus noncustodial parent's line 23 amount for custodial parent; line 11 minus noncustodial parent's line 23 amount for noncustodial parent) $522.06 $332.94
25. Each parent's decimal share (rounded to two places) of combined net disposable income (each 61.06 38.94 parent's line 24 amount divided by the sum of the line 24 amounts)
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $ $
V. ARREARAGE (OBLIGOR ONLY)
27. Delinquencies on current support orders $
28. Unpaid court-ordered arrearages $
29. Support due for periods prior to the support action (not court-ordered) $
30. Total arrearage (sum of lines 27 through 29) $ CT Page 1765
VI. ARREARAGE PAYMENT
31. Recommended current support order from line 23 (OR imputed support obligation if there is no current $ support order or the child is living with the obligor)
32. 20% of line 31 (but see instructions below) $
 (If line 14 is checked, skip line 32 and go to line 37.)
 (If the child for whom the arrearage is owed is deceased, emancipated, or over age 18, skip line 32 and go to line 39.)
 (If the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level, enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter the line 32 amount on line 40.)
33. Obligor's line 11 amount $
34. 55% of line 33 $
35. Line 34 minus line 31 $
36. Lesser of line 32 or line 35 (Enter here and on line 40, and skip lines 37-39.) $
37. 10% of line 31 $
38. Greater of line 37 or $1 (Enter here and on line 40, and skip line 39.) $
39. 50% of line 31 (Enter here and on line 40.) $
40. Recommended arrearage payment (If different from line 45, explain on line 47.) $
VII. ORDER SUMMARY
41. Current support order $ 266.06
42. Unreimbursed medical expense order CT Page 1766
43. Child care contribution
44. Total arrearage to state to family
45. Arrearage payment order
46. Total child support award: $ 266.06
VIII. DEVIATION CRITERIA
47. Reason(s) for deviation from presumptive support amounts: (Attach additional sheet if necessary)
PREPARED BY TITLE DATE Attorney for Defendant 2/11/02