[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 32, and the defendant wife, 40, whose birth name is DeLeon, married on June 30, 1990 in Mazatenango, Guatemala. There are three children of the marriage, Mariajose born January 15, 1991, David born June 26, 1992 and Isis born February 13, 1997. The family came to the U.S.A. around July, 1992, settling in Stamford at Sherman St. where the defendant continues to reside with her children. After arriving here the defendant began working cleaning houses. She developed her business that she employed her sister and her brother to work with her. The plaintiff became employed as a roofer. He became self employed and conducted a successful roofing and siding business as "HH" (Defendant's Exhibit I) for two and one half years until he had to leave the country due to immigration difficulties in July, 1999, returning to Guatemala for several months (cf. INS order attached to plaintiff's motion to modify temporary support dated June 25, 1999, computer #124). This proved to be the final separation of the parties. The defendant began a divorce proceeding while there. The plaintiffs girlfriend, Michela Guarnieri, visited the plaintiff on at least three occasions. They both returned to the U.S.A. in February, 2000. A child, fathered by the plaintiff, was born to Michela in May 29, 1999. (cf. FST FA99 0173700, acknowledgment filed for Yasmin Raquel Almazan).
An earlier separation occurred in February 1998 which resulted in a reconciliation in March after the parties visited Florida. The plaintiff choked the defendant in April, a strong indication that the attempted reconciliation had failed. The present action was begun by service made on the defendant on September 29, 1998.
At the commencement of trial the parties filed a written stipulation with the court which the court accepted. It provides as follows:
 1. The marriage is broken down irretrievably with no prospect for reconciliation.
CT Page 11750
 2. The parties shall share joint legal custody of the minor children issue of the marriage and the parties shall confer on all major issues concerning medical treatment and educational matters concerning the children.
3. Primary physical residence shall be with the Defendant Wife.
 4. The Plaintiff Husband shall have visitation as follows: for each two (2) week period, on the first weekend, the Husband shall pick up the children at 6:00 p. m. on Friday and return them by Sunday at 8:00 p. m. with this coming weekend to commence. On the second weekend the Husband shall pick up the children at 5:30 p. m on Friday and return them at 8:00 p. m. the same evening.
 5. The Plaintiff Husband shall have the right to bring the minor child, Maria Jose Almazan to a medical doctor of his choice for an independent medical examination at this sole expense; concerning her diagnosis of scoliosis. The Defendant shall be informed of the doctor's findings, diagnosis and recommendations for treatment, if any, and provide said information to plaintiff at his expense.
 6. The parties shall continue with joint title on their timeshare in Westgate Vacation villas in Kissimmee, Florida and share in future monthly expenses. Each shall have one week occupancy privileges.
The major issue in the case is the defendant's earning capacity. He has been employed as a roofer by his girlfriend who holds herself out as the owner of the business engaging in roofing and siding as MY Building Restoration. His financial affidavit lists his gross weekly pay as $600 weekly. He lives in a house owned by his girlfriend's father. His previous work history provides ample evidence that he has the talent and experience to generate a minimum of $800 weekly net earnings. The scheme devised by his girlfriend and himself is simply an attempt to artificially reduce his earnings, Miller v. Miller, 181 Conn. 610; Marcusv. Marcus, 175 Conn. 138.
On July 9, 2001 the pates submitted a stipulation to the court providing:
 1. Plaintiff is ordered to continue paying $210 per week in child support as previously ordered and without prejudice to either party for his three minor children; Maria Jose Almazan, date of birth 01/15/91, David Almazan, date of birth 06/26/92, and Isis Almazan, date of birth 02/13/98.
2. Plaintiff is ordered to pay an additional amount of $50 weekly CT Page 11751 towards arrearage of $5,000 which is disputed and subject to verification without prejudice to either party commencing with this Friday's payment for a total weekly support of $260 a week until further order of the court.
The court approved it (computer #143-10).
The initial order entered was via agreement dated November 2, 1998 wherein the plaintiff agreed to continue to pay $286.89 a week child support. That order was modified to $210 on April 10, 2000 by stipulation approved and ordered by the court (#125). The child support that the court will now order is arrived at in the following manner. The combined income of both parties is $1302 ($800 + $502). Applying the child support guidelines for the three children of the marriage indicates $433 weekly with plaintiffs share 61.4% or $266. The child living with plaintiff is considered by applying the guidelines to plaintiff's $800 minus the $266 or $534. The guidelines indicate $126 child support for one child. The $266 and the $126 total $392, divided by four or $98 per child per week. The plaintiffs child support obligation for the three children living with defendant is $294 weekly. The plaintiff was found to have an arrearage of child support, originally $5000, but insufficient evidence was introduced during trial for the court to make any finding other than said amount is claimed by defendant and is disputed by plaintiff, thereby requiring a separate hearing in the future.
Having reviewed the evidence in light of the relevant statutes and case law the court enters the following decree.
 1. Judgment is entered dissolving the parties' marriage on the ground of irretrievable breakdown. Each party is declared unmarried.
 2. The "Stipulation At Trial" dated February 26, 2002 is ordered and incorporated herein by reference, a copy being appended hereto.
 3. The plaintiff shall pay $294 weekly to the defendant as child support for the minor children of the marriage. A wage withholding order is hereby issued.
 4. The plaintiff shall pay $1 per year periodic alimony to the defendant until her remarriage, cohabitation or December 31, 2009 which date is nonmodifiable in any event.
 5. The defendant shall continue to maintain the current Husky insurance for her children as available.
CT Page 11752
 6. Each party shall be solely responsible for debts incurred by said party including but not limited to those listed on each party's financial affidavit and each party shall hold the other harmless and indemnified.
7. The child support arrears is preserved for future resolution.
 8. No allowance to prosecute or to defend is awarded to either party. The defendant's motion for attorney's fees is denied.
So Ordered.
 ___________________ HARRIGAN, J.T.R.
 STIPULATIONS AT TRIAL*